**Affirm in part; Reverse and Render in part; Opinion Filed March 25, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-01503-CV

### STEPHEN W. CLARK, Appellant
### V.
### DILLARD'S, INC. AND THE CAMPBELL AGENCY, INC., Appellees

**On Appeal from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-11-12848-B**

## OPINION

Before Justices Bridges, Lang-Miers, and Myers
Opinion by Justice Myers

This case involves claims by a fashion model, Stephen W. Clark, against a department store, Dillard's, Inc., and a modeling agency, The Campbell Agency, Inc. (TCA). Clark sued Dillard's and TCA after pictures of Clark were used without his permission on packages of underwear that were sold in Dillard's stores nationwide. Based on the jury's verdict, the trial court awarded Clark damages of $4,500 against Dillard's for unjust enrichment and ordered that Clark take nothing on his other claims.

Clark brings seven issues on appeal, contending the trial court erred by (1) denying Clark's motion for summary judgment on misappropriation of likeness; (2) granting Dillard's motion for summary judgment on some of Clark's claims against it; (3) granting TCA's motion for summary judgment on all of Clark's claims against it; (4) constructively striking Clark's expert witness; (5) failing to take judicial notice of past pleadings; (6) refusing to consider

requiring Dillard's disgorgement of profits as a remedy in this case; and (7) overruling Clark's objections to incorrect and inconsistent jury questions. Dillard's brings a cross-appeal, contending the trial court erred by granting judgment for Clark because Clark's claims of misappropriation of likeness and unjust enrichment were barred by the statute of limitations.

We reverse the trial court's judgment in part and render judgment that Clark take nothing on his claim against Dillard's for unjust enrichment, and we affirm the trial court's judgment in all other respects.

**BACKGROUND**

In 1998, Dillard's hired Mollie McKool Photography, Inc. in Dallas to submit photographs of men modeling underwear from Dillard's house brand, Roundtree & Yorke. McKool contacted TCA to provide a model. Clark was a fashion model and used TCA and other modeling agencies to obtain modeling jobs. TCA contacted Clark about the modeling job, and Clark agreed to do it. McKool paid TCA Clark's standard rate for two days of modeling, and after deducting its commission, TCA paid Clark. The testimony showed it was customary for models in Dallas to be paid a bonus in addition to their standard rate if their picture from the photo shoot was used for product packaging. Clark testified he was not paid anything for further use of the photos and that he did not agree to Dillard's commercial use of the photos for product packaging.

Beginning in about 2001 or 2002, Dillard's used photographs showing Clark from the tip of his nose to his waist on its packaging of Roundtree and Yorke men's underwear. In September 2005, Dillard's changed its packaging and used pictures showing Clark from midthigh or waist to the top of his head and showing Clark's entire face. Dillard's used these pictures on the packaging of Roundtree & Yorke underwear from September 2005 to September

2011.  Clark testified he never went into a Dillard's store until December 2009 and was unaware of Dillard's use of his image on packaging for Roundtree & Yorke underwear.

In November 2009, while Clark was living in Europe, a friend in the United States told him she had seen his photograph in a Dillard's store on its products.  The next month, when Clark traveled to Arkansas, he went to a Dillard's store and saw his image on the packaging of Roundtree and Yorke underwear.  He contacted his "mother agency" in New York to investigate.  In January 2010, that agency contacted Dillard's.  Dillard's asked the agency to provide a contract from the 1998 photo shoot, but Clark no longer had the paperwork.  In 2011, Clark contacted Nancy Campbell, the president of TCA, for assistance in pursuing his claim against Dillard's.  Campbell told Clark she had shredded all documents from 1998 and that TCA no longer had the vouchers and other documents from the photo shoot.  Campbell refused to write to Dillard's, but she agreed to search TCA's premises for any records from the 1998 photo shoot; she found no records.

In September 2011, Dillard's changed its packaging on Roundtree & Yorke underwear, including changing the image on the packaging by using new photographs and a different model.  Dillard's paid the model $4,500 for the right to use his image on the packaging for the life of the products.

On October 5, 2011, Clark filed his original petition against Dillard's and TCA for misappropriation of likeness, unjust enrichment, and other claims.  Clark later amended his petition, including adding claims against TCA for breach of contract and breach of fiduciary duty.  Clark, Dillard's, and TCA each moved for summary judgment.  The trial court denied Clark's motion.  The court granted Dillard's motion for summary judgment on all of Clark's claims except misappropriation of likeness and unjust enrichment.  The court granted TCA's

motion as to all of Clark's claims and rendered judgment that Clark take nothing on his claims against TCA.

The court held a jury trial on Clark's claims against Dillard's for misappropriation of likeness and unjust enrichment. The jury found Dillard's misappropriated Clark's likeness and that his damages for the unauthorized use of his image were $9,000. However, the jury also found the misappropriation of his likeness "was excused as a result of a mistake."[1] On Clark's unjust-enrichment claim, the jury found Dillard's was unjustly enriched and that Clark's damages were $4,500. On Clark's assertion of the discovery rule to Dillard's defense of the statute of limitations, the jury found Clark "should . . . have discovered the benefits obtained by Dillard's" by December 6, 2009. The court's judgment ordered that Clark take nothing on his misappropriation-of-likeness claim and ordered that Clark recover $4,500 from Dillard's, presumably on Clark's unjust-enrichment claim.

## DILLARD'S CROSS-APPEAL

In its cross-appeal, Dillard's contends the trial court erred by not dismissing Clark's misappropriation-of-likeness and unjust-enrichment claims as barred by the statute of limitations. Dillard's moved for directed verdict on the ground of the statute of limitations, and the trial court implicitly denied the motion. Because the trial court rendered a take-nothing judgment on the misappropriation-of-likeness claim and the only relief granted Clark was on his claim for unjust enrichment, we consider the question of the statute of limitations only on the unjust-enrichment claim.

### Standard of Review

Claims of unjust enrichment are governed by the two-year statute of limitations in section 16.003 of the Texas Civil Practice and Remedies Code. *Elledge v. Friberg-Cooper Water*

---

[1] Whether mistake excuses a misappropriation of likeness is not properly before us, and we do not address that issue.

*Supply Corp.*, 240 S.W.3d 869, 871 (Tex. 2007) (per curiam); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West Supp. 2014). Because the statute of limitations is an affirmative defense, the defendant has the burden to plead, prove, and secure findings to support the defense. *See* TEX. R. CIV. P. 94 (limitations is affirmative defense); *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 517 (Tex. 1988) (affirmative defense of limitations must be proven by asserting party). To prevail on a motion for directed verdict, the movant must prove the grounds asserted as a matter of law. Thus, to prevail on a motion for directed verdict on the ground of limitations, Dillard's had to have (1) proved as a matter of law when the cause of action accrued and (2) negated the discovery rule if it applied and if Clark both pleaded it and presented evidence in support of it. *See Woods*, 769 S.W.2d at 518 & n.2; *see also Hua Xu v. Lam*, No. 14-13-00730-CV, 2014 WL 5795475, at *13 (Tex. App.—Houston [14th Dist.] Nov. 6, 2014, no pet.) (mem. op.) (defendant moving for directed verdict on limitations had no burden to negate discovery rule even though discovery rule was pleaded unless plaintiff presented evidence supporting application of discovery rule). In this case, Clark pleaded the discovery rule and presented evidence of when he learned Dillard's used his image.

### Accrual of the Unjust-Enrichment Cause of Action

A cause of action generally accrues, and the statute of limitations begins to run, when facts come into existence that authorize a claimant to seek a judicial remedy. *Schneider Nat'l Carriers, Inc. v. Bates*, 147 S.W.3d 264, 279 (Tex. 2004). The date a cause of action accrues is normally a question of law. *Etan Indus., Inc. v. Lehmann*, 359 S.W.3d 620, 623 (Tex. 2011) (per curiam).

Dillard's asserts the evidence established as a matter of law that the unjust-enrichment claim accrued no later than September 2005 when the packaging was changed to use an image showing Clark's entire face. Dillard's argues that because Clark filed his lawsuit in October

2011, more than six years after the accrual of the cause of action, Clark's unjust-enrichment claim was barred by the two-year statute of limitations.

Dillard's General Merchandise Manager, William Shields, testified that the 2005 packaging showing Clark's entire face was first displayed in Dillard's stores in September 2005 and continued to be displayed for sale in the stores until September 2011. Clark argues that Shields's testimony should not have been considered because the trial court erred by overruling Clark's objection to Shields's testifying. Clark argued to the trial court that Shields was identified as a fact witness for the first time on November 27, 2012, which he asserted was after the August or September 2012 discovery deadline.[2] The trial court considered the objection at a pretrial hearing. At the hearing, Dillard's asserted that the discovery deadline was January 13, 2013, and that the November 27, 2012 identification of Shields was before the discovery deadline. After considering the parties' arguments and examining the documents they presented to support their positions, the trial court overruled Clark's objection. On appeal, Clark continues to argue that the discovery deadline was in August 2012, but he presents no argument, explanation, or authority as to why the trial court could not have concluded from the documents before it that the discovery deadline was after Dillard's identified Shields as a fact witness. We conclude Clark has not shown that Shields's testimony could not be considered.

Dillard's Vice President for Merchandising, Michael McNiff, testified that the earlier packaging using Clark's image from his nose to his waist was first displayed in stores in "[l]ate 2001, 2002." McNiff later testified that he did not know when Clark's image was first used. In affidavits and his deposition, McNiff stated the earlier packaging may have first been used in 1991 (an impossible date since the photograph was taken in 1998) and 1999.

---

[2] Clark was inconsistent concerning the date of the discovery deadline. In his written objection to Shields's testifying, he asserted the discovery deadline was September 10, 2012. At the pretrial hearing, he stated the discovery deadline was August 12, 2012, and in his cross-appellee's brief on appeal, he states the discovery deadline was August 15, 2012.

Clark argues that Dillard's failed to establish as a matter of law the accrual date of Clark's cause of action. Clark appears to argue that because the evidence was conflicting whether the cause of action accrued in 1999, 2001, 2002, or 2005, Dillard's failed to prove the accrual date as a matter of law. However, to prove the accrual date as a matter of law, Dillard's did not have to prove the exact date on which the cause of action accrued. Instead, Dillard's had only to prove as a matter of law the latest date by which the cause of action accrued. *See Williams v. Wachovia Mortg. Corp.*, 407 S.W.3d 391, 398 (Tex. App.—Dallas 2013, pet. denied) (court need not determine the exact date the cause of action accrued because regardless of the date applied, suit was filed outside the limitations period).

The evidence was uncontroverted that the packaging showing Clark's entire face first went on display in September 2005 and that this packaging replaced the previous packaging that showed Clark's image from his nose to his waist. Therefore, the evidence established Clark's image was first displayed on Roundtree & Yorke underwear packaging no later than September 2005.

Unjust enrichment occurs when the defendant has wrongfully secured or passively received a benefit from another that would be unconscionable to retain, and the defendant obtained the benefit from the plaintiff by fraud, duress, or the taking of an undue advantage. *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992); *Tex. Integrated Conveyor Sys., Inc. v. Innovative Conveyor Concepts, Inc.*, 300 S.W.3d 348, 367 (Tex. App.— Dallas 2009, pet. denied). On Clark's unjust-enrichment claim, facts came into existence that authorized Clark to seek a judicial remedy when Dillard's first used Clark's image for packaging without having paid Clark for the right to use his image on product packaging. The evidence conclusively established that Dillard's initial use of Clark's image without paying him occurred no later than September 2005, which was over six years before Clark filed suit in October 2011.

Therefore, unless the discovery rule applies, Clark filed his suit outside the two-year limitations period.

## Discovery Rule

Clark pleaded that the discovery rule delayed commencement of the limitations period until he learned in November or December 2009 that Dillard's used his image, which was less than two years before he filed suit in October 2011. Dillard's contends that the discovery rule does not apply as a matter of law.

The purpose of statutes of limitations is to compel the assertion of claims within a reasonable period while the evidence is fresh in the minds of the parties and witnesses. *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996). The discovery rule is "a very limited exception to statutes of limitations,"[3] *id.*, that "defers the accrual of the cause of action until the injury was or could have reasonably been discovered," *Shell Oil Co. v. Ross*, 356 S.W.3d 924, 929–30 (Tex. 2011). "The discovery rule applies 'only when the nature of the plaintiff's injury is both inherently undiscoverable and objectively verifiable.'" *Id.* (quoting *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 734 (Tex. 2001)). The supreme court has "restricted the discovery rule to exceptional cases to avoid defeating the purposes behind the limitations statutes." *Via Net v. TIG Ins. Co.*, 211 S.W.3d 310, 313 (Tex. 2006) (per curiam). Whether the discovery rule applies to a given context is a question of law. *Velocity Databank, Inc. v. Shell Offshore, Inc.*, No. 01-13-00454-CV, 2014 WL 7473797, at *3 (Tex. App.—Houston [1st Dist.] Dec. 30, 2014, pet. filed); *Steel v. Rhone Poulenc, Inc.*, 962 S.W.2d 613, 618 (Tex. App.—Houston [1st Dist.] 1997), *aff'd*, 997 S.W.2d 217 (Tex. 1999).

---

[3] Clark states in his cross-appellee's brief, "The presumption is that the discovery rule applies," and cites *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 518 (Tex. 1988). The supreme court stated in *Woods* that the party asserting the discovery rule bears the burden of pleading, proving, and securing favorable findings on the rule. *Id.* Thus, contrary to Clark's assertion, there is no "presumption . . . that the discovery rule applies."

"Inherently undiscoverable" does not mean that the plaintiff failed to discover the injury within the limitations period. *Wagner & Brown*, 58 S.W.3d at 735. "Instead, we determine whether an injury is inherently undiscoverable on a categorical basis because such an approach 'brings predictability and consistency to the jurisprudence.'" *Id.* (quoting *Apex Towing Co. v. Tolin*, 41 S.W.3d 118, 122 (Tex. 2001)). "The focus is on whether a *type* of injury rather than a *particular* injury was discoverable." *Via Net*, 211 S.W.3d at 314. "An injury is inherently undiscoverable if by its nature, it is unlikely to be discovered within the limitations period despite due diligence." *Id.* at 313 (quoting *Wagner & Brown*, 58 S.W.3d at 734–35). The question is whether Clark's injury is "the type of injury that generally is discoverable by the exercise of reasonable diligence." *Wagner & Brown*, 58 S.W.3d at 735 (quoting *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 886 (Tex. 1998)). A wrong or injury is not inherently undiscoverable if it "generally is capable of detection within the time allotted for bringing such suits." *Computer Assocs.*, 918 S.W.2d at 457. Whether an injury is inherently undiscoverable is a legal question "decided on a categorical basis rather than case-specific basis." *Via Net*, 211 S.W.3d at 314.

The supreme court has discussed the types of cases in which the wrong and injury to the plaintiff were inherently undiscoverable. *See S.V. v. R.V.*, 933 S.W.2d 1, 6–7 (Tex. 1996). The cases where the court concluded the wrong and injury were inherently undiscoverable were ones in which the wrong and the injury were, by their nature, difficult or impossible to detect until circumstances changed. *See id.* (discussing inherently undiscoverable nature of undetectable medical malpractice, latent construction defects, false credit report, and corporate self-dealing).[4]

---

[4] The supreme court cited the following cases as illustrative of the types of cases to which the discovery rule applied. (The parenthetical descriptions of the cases are the supreme court's parenthetical descriptions in *S.V.* of these cases.) *Willis v. Maverick*, 760 S.W.2d 642, 645 (Tex. 1988) (lawyer's error could not be discovered by client who was ignorant of the law); *Nelson v. Krusen*, 678 S.W.2d 918, 923 (Tex. 1984) (malpractice in muscular dystrophy gene screening could not be discovered by parents until child showed symptoms); *Kelley v. Rinkle*, 532 S.W.2d 947, 949 (Tex. 1976) (false credit report could not be discovered until credit denied); *Hays v. Hall*, 488 S.W.2d 412, 414 (Tex. 1972) ("One who undergoes a vasectomy . . . and then after tests is told that he is sterile, cannot know that he is still fertile . . . until either his wife

"The common thread in these cases is that when the wrong and injury were unknown to the plaintiff because of their very nature and not because of any fault of the plaintiff, accrual of the cause of action was delayed." *Id.* at 7.

Clark argues he could not have discovered Dillard's use of his image because he spent large parts of each year outside the United States and, even when in this country for brief periods, he never went to a Dillard's store. He states he was never informed that Dillard's intended to use the pictures from the photo shoot for packaging, so he had no reason to research the use of his image by Dillard's. Clark also asserts that fashion models pose for thousands of photos and cannot know which pictures are actually used. He argues that "[t]he sheer volume of a successful international model's body of work would make discovering product packaging exclusive to a chain of U.S. stores in limited areas virtually impossible, even when exercising due diligence and relying on internet searches."

The type of wrong or injury in this case is a company's unjust enrichment by using a model's image without payment on packaging for products prominently displayed in stores open to the public. Unlike the wrongs and injuries to which the supreme court has applied the discovery rule, this type of injury is not by its nature hidden or undetectable but is readily observable and on public display. *See S.V.*, 933 S.W.2d at 6–7 (discussing cases applying the discovery rule). This type of wrong or injury is generally capable of detection within two years by the plaintiff entering the store and seeing the display. The fact that a particular plaintiff might not enter one of the stores where the product is on display within two years of the first display does not make the company's unjust enrichment inherently undiscoverable. *See Via Net*, 211 S.W.3d at 314 (issue is whether a type of injury and not a particular injury is discoverable within

becomes pregnant or he is shown to be fertile by further testing."); *Gaddis v. Smith*, 417 S.W.2d 577, 578 (Tex. 1967) ("it is often difficult, if not impossible, to discover that a foreign object has been left within the body within the statutory period of limitation"); *Int'l Bankers Life Ins. Co. v. Holloway*, 368 S.W.2d 567, 580 (Tex. 1963) (disinterested directors could not discover certain corporate self-dealing); *Ruebeck v. Hunt*, 176 S.W.2d 738, 739 (Tex. 1943) (homeowner could not discover faulty construction of roof); *Hous. Waterworks Co. v. Kennedy*, 8 S.W. 36, 38 (Tex. 1888) (cut into plaintiff's building not discoverable until walls cracked). *S.V.*, 933 S.W.2d at 6–7.

the limitations period).  "[P]ermitting application of the discovery rule exception in these cases would do no more than permit the litigation of stale claims."  *Computer Assocs.*, 918 S.W.2d at 457.

We conclude as a matter of law the discovery rule does not apply.  Clark's cause of action for unjust enrichment accrued when Dillard's first displayed the Roundtree & Yorke packaging with Clark's image without having paid Clark for the use of his image on product packaging.  The evidence conclusively established this first display occurred no later than September 2005.  Clark's suit filed in October 2011 was not brought within two years of the accrual of the unjust-enrichment cause of action.  We conclude the trial court erred by denying Dillard's motion for directed verdict on Clark's claim for unjust enrichment.  We sustain Dillard's cross-point as to unjust enrichment.

### SUMMARY JUDGMENT

In his first three issues, Clark contends the trial court erred by denying his motion for summary judgment and by granting Dillard's and TCA's motions for summary judgment.  The standard for reviewing a traditional summary judgment is well established.  *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985); *McAfee, Inc. v. Agilysys, Inc.*, 316 S.W.3d 820, 825 (Tex. App.—Dallas 2010, no pet.).  The movant has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law.  TEX. R. CIV. P. 166a(c).  In deciding whether a disputed material fact issue exists precluding summary judgment, evidence favorable to the nonmovant will be taken as true.  *Nixon*, 690 S.W.2d at 548–49; *In re Estate of Berry*, 280 S.W.3d 478, 480 (Tex. App.—Dallas 2009, no pet.).  Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor.  *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005).  A defendant moving for summary judgment is not required to prove the plaintiff cannot succeed on any conceivable

–11–

theory; "he is only 'required to meet the plaintiff's case as pleaded.'" *SmithKline Beecham Corp. v. Doe*, 903 S.W.2d 347, 355 (Tex. 1995) (quoting *Cook v. Brundidge, Fountain, Elliott & Churchill*, 533 S.W.2d 751, 759 (Tex. 1976)); *see Via Net v. TIG Ins. Co.*, 211 S.W.3d 310, 313 (Tex. 2006) (per curiam) ("Defendants are not required to guess what unpleaded claims might apply and negate them."). We review a summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. *Dickey v. Club Corp. of Am.*, 12 S.W.3d 172, 175 (Tex. App.—Dallas 2000, pet. denied).

We review a no-evidence summary judgment under the same legal sufficiency standard used to review a directed verdict. *See* TEX. R. CIV. P. 166a(i); *Flood v. Katz*, 294 S.W.3d 756, 762 (Tex. App.—Dallas 2009, pet. denied). "Thus, we must determine whether the nonmovant produced more than a scintilla of probative evidence to raise a fact issue on the material questions presented." *Flood*, 294 S.W.3d at 762. "More than a scintilla of evidence exists when the evidence 'rises to a level that would enable reasonable and fair-minded persons to differ in their conclusions.'" *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (quoting *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). "Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion' of a fact." *Id.* (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)).

**Clark's Motion for Summary Judgment**

In his first issue, Clark contends the trial court erred by denying his motion for summary judgment on his claim for misappropriation of likeness. A party cannot appeal the denial of a summary judgment unless (a) both sides moved for summary judgment on the same issues and the trial court granted one motion for summary judgment and denied the other, or (b) a statute expressly permits appeal of the denial of the motion for summary judgment. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *see, e.g.*, TEX. CIV. PRAC. & REM. CODE ANN.

–12–

§ 51.014(a)(5), (6), (12) (West 2015).  In this case, no statute authorizes an appeal from the denial of Clark's motion for summary judgment.  Although both Clark and Dillard's moved for summary judgment on Clark's claim for misappropriation of likeness, the trial court denied both motions, and the claim was tried on the merits before a jury.  In this situation, the denial of the motion for summary judgment is not appealable.  *See Ackermann v. Vordenbaum*, 403 S.W.2d 362, 365 (Tex. 1966); *Moore v. Jet Stream Invs., Ltd.*, 261 S.W.3d 412, 427 (Tex. App.—Texarkana 2008, pet. denied) ("Where a motion for summary judgment is denied by the trial court and the case is tried on its merits, the order denying the summary judgment cannot be reviewed on appeal."); *Anderton v. Schindler*, 154 S.W.3d 928, 931 (Tex. App.—Dallas 2005, no pet.) ("The denial of a motion for summary judgment when followed by a conventional trial on the merits does not finally decide any issue pending before the trial court; the denial of a motion for summary judgment presents nothing for review.").  We conclude Clark may not appeal the trial court's order denying his motion for summary judgment.  We overrule Clark's first issue.

## Dillard's Motion for Summary Judgment

In his second issue, Clark contends the trial court erred by granting Dillard's motion for summary judgment on Clark's claims for injunctive relief, unfair business practices, and declaratory relief.

### *Injunctive Relief*

In his original petition, filed in 2011, Clark pleaded for "an injunction precluding Dillard's further unauthorized use of Clark's likeness."  Clark asserted that unless Dillard's was restrained from unauthorized use of Clark's likeness, "Clark will continue to suffer irreparable injury for which he has no adequate remedy at law."  In his first and second amended petitions (the second amended petition is Clark's live pleading), Clark omitted the allegations supporting

–13–

an injunction, but his prayer included a request for "judgment enjoining further unauthorized use of Clark's likeness."

To be entitled to an injunction, a plaintiff must plead and prove (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). An injury is irreparable if the injured party cannot be compensated in damages or if the damages cannot be measured by any certain monetary standard. *Id.*

Dillard's moved for summary judgment on the ground that there was no evidence to support one of the elements for injunctive relief, namely, imminent irreparable injury. In its motion for summary judgment, Dillard's presented evidence that in September 2011 it changed its packaging of Roundtree & Yorke underwear and used a different model's picture on the packaging. On appeal, Clark does not identify any evidence that Dillard's past misappropriation of Clark's likeness poses an imminent threat of irreparable injury. We conclude Clark has not shown the trial court erred by granting Dillard's motion for summary judgment on Clark's request for injunctive relief.

*Unfair Business Practices*

Clark alleged that an agreement existed among or between the defendants Dillard's, TCA, and Mollie McKool Photography, Inc.[5] to use Clark's image on product packaging and that this conduct constituted an unfair business practice, depriving him of control of his image for business purposes, preventing him from earning fees to which he was otherwise entitled, and causing him damages. Clark brought this cause of action as an alternative to his claim for misappropriation of likeness.

---

[5] Clark sued Mollie McKool Photography, Inc. in his second amended petition, but he later nonsuited his claims against it.

–14–

Dillard's moved for summary judgment on the grounds that (1) there was no such cause of action recognized in Texas[6] and (2) Clark had no evidence that Dillard's conduct (a) was an unfair business practice; (b) deprived Clark of control of his image for business purposes; (c) prevented Clark from benefitting from the use of his image; (d) prevented Clark from earning fees to which he would otherwise have been rightfully entitled; and (e) caused Clark damages.

In his response to the motion for summary judgment and on appeal, Clark asserts that he was damaged not only by Dillard's failure to pay him for the use of his image, but also because he lost the opportunity for "the publicity and exposure that otherwise could have resulted from an advertising campaign lasting over 10 years" "preventing hi[m] from benefitting from the use of that image and thereby preventing him from earning fees to which he would otherwise have been rightfully entitled." However, in his response to Dillard's motion for summary judgment, Clark did not point to any evidence that he would likely have had other fee-earning opportunities that did not arise due to his being unaware of Dillard's use of his image.

Concerning Dillard's argument that Texas does not recognize a cause of action for "unfair business practices" as pleaded by Clark, Clark cites no authority that such a claim is viable under Texas law. Clark argues in his reply brief that his "unfair business practices" cause of action is actually a claim for "unfair competition." We disagree. The tort of unfair competition concerns the use of "another's good will with the public to gain a competitive advantage in the market." *Nat'l Bank of Commerce v. Shaklee Corp.*, 503 F. Supp. 533, 541 (W.D. Tex. 1980). "[A]ny practice which may mislead customers into believing that the product

---

[6] Dillard's also specially excepted to the pleading, asserting the cause of action was not recognized under Texas law. The appellate record does not show that the trial court ruled on the special exception. Clark does not contend on appeal that the issue should have been resolved by special exception instead of summary judgment. Clark also does not complain on appeal that he lacked opportunity to amend his pleading. *See Chambers v. Huggins*, 709 S.W.2d 219, 223 (Tex. App.—Houston [14th Dist.] 1986, no writ.) (special exception should be filed before moving for summary judgment attacking pleadings for failing to state a cause of action to provide nonmovant an opportunity to amend and correct a pleading defect; summary judgment is appropriate when pleadings "fail to set forth any cause of action whatsoever").

of the defendant is endorsed by or somehow connected to the plaintiff falls within the parameters of the tort." *Id.* As another court defined it,

> Unfair competition is a common law tort that occurs when one business entity "palms off" its products as those of another. The determinative question is whether the tortfeasor's practices are likely to mislead customers into believing that the product emanates from or has been endorsed by the claimant. . . . [T]he test is likelihood of confusion.

*Ky. Fried Chicken Corp. v. Diversified Packaging Corp.*, 549 F.2d 368, 382 (5th Cir. 1977) (citations omitted). Clark's pleading of unfair business practices did not allege that Dillard's use of his image created a "likelihood of confusion" of the public. *Id.* Instead, Clark's petition and his response to Dillard's motion for summary judgment asserted that his unawareness of Dillard's use of his image deprived him of the opportunity to obtain other fee-earning modeling assignments arising from Dillard's use of his image for packaging. That is not the tort of unfair competition.

We conclude Clark has not shown the trial court erred by granting Dillard's motion for summary judgment on the claim of unfair business practices.

*Declaratory Judgment*

Clark also asserts the trial court erred by granting Dillard's motion for summary judgment on Clark's claim for declaratory relief.[7] A declaratory judgment is a remedial action that determines the rights of the parties and affords relief from uncertainty with respect to rights, status, and legal relations. TEX. CIV. PRAC. & REM. CODE ANN. § 37.002 (West 2015). "A court of record within its jurisdiction has power to declare rights, status, and other legal relations

---

[7] Dillard's presented two grounds in its motion for summary judgment on Clark's claim for declaratory judgment. Dillard's asserted that the Declaratory Judgment Act "does not allow for the requested declarations." In the alternative, Dillard's asserted that any declarations the trial court made on the issues should support Dillard's position on those issues. The trial court's order on the motion simply "granted" Dillard's motion on the claim for declaratory judgment and did not expressly make any declarations. The final judgment observed that the court had rendered summary judgment in favor of Dillard's on the claims for declaratory judgment, injunctive relief, and unfair business practices, and the judgment ordered that Clark take nothing on those claims. The judgment made no declarations requested by Clark in his petition or by Dillard's in its motion for summary judgment. Therefore, it appears the trial court granted Dillard's motion for summary judgment on the ground that the Declaratory Judgment Act "does not allow for the requested declarations." Clark did not object in the trial court or argue on appeal that this ground was not sufficiently specific; accordingly, we do not address that issue.

whether or not further relief is or could be claimed." *Id.* § 37.003(a). However, a declaratory judgment is not available to settle legal disputes already pending before the court. *Hydroscience Techs., Inc. v. Hydroscience, Inc.*, 401 S.W.3d 783, 801 (Tex. App.—Dallas 2013, pet. denied).

Clark pleaded in his original petition that Dillard's misappropriated his likeness by displaying his image prominently on packaging for men's undergarments without Clark's consent. In its first amended answer, Dillard's asserted the defense of payment, alleging it paid for full use of Clark's image because "[p]ayment was made to Mollie McKool photo studio, which in turn paid The Campbell Agency, which in turn paid Plaintiff [Clark]." Subsequently, Dillard's filed a motion to designate Mollie McKool Photography, Inc. as a responsible third party under section 33.004 of the civil practice and remedies code. *See* CIV. PRAC. § 33.004 (West 2015). In the motion, Dillard's stated that McKool sent Dillard's an invoice with the photographs and told Dillard's that it "would have the right to reproduce the photographs at will so long as the invoice was paid."[8] Clark then amended his petition and requested a declaratory judgment declaring "what rights, if any, of the Plaintiff were transferred, affected or otherwise released by any agreement among McKool, Dillard's and Campbell." Clark also requested specific declarations that there were no agreements between the parties that transferred the usage rights of Clark's image to Dillard's for product packaging. The record shows that the disputes encompassed by these requested declarations were already before the trial court. Accordingly, we conclude the trial court did not err by granting Dillard's motion for summary judgment on Clark's claim for declaratory judgment.

We conclude Clark has not shown the trial court erred by granting Dillard's motion for summary judgment. We overrule Clark's second issue.

---

[8] Clark alleged in his live pleading that he filed a motion to strike the designation of McKool as a responsible third party but that the trial court denied the motion to strike, "apparently finding that disputed facts existed as to whether McKool was responsible for a portion of the injuries or damages claimed by Plaintiff." The trial court's order simply stated that Clark's motion to strike was denied and that Dillard's was granted leave to designate McKool as a responsible third party.

**TCA's Motion for Summary Judgment**

In his third issue, Clark contends the trial court erred by granting TCA's motion for summary judgment. Clark sued TCA for breach of fiduciary duty and breach of contract for not assisting him when he informed it of Dillard's use of his image.

*Breach of Contract*

TCA moved for summary judgment on Clark's claim for breach of contract on several grounds, including that there was no evidence of a written contract between TCA and Clark and that any oral contract would have violated the statute of frauds. *See* TEX. BUS. & COM. CODE ANN. § 26.01(b)(6) (West 2009). Clark did not respond to this ground in his response to TCA's motion for summary judgment, and he does not argue on appeal that the trial court would have erred by granting summary judgment on that ground. An appellant must attack every ground on which summary judgment could have been granted in order to obtain a reversal. *See Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970); *Trevino & Assocs. Mech., L.P. v. Frost Nat'l Bank*, 400 S.W.3d 139, 144 (Tex. App.—Dallas 2013, no pet.). If an appellant fails to challenge one of the grounds for summary judgment, an appellate court may affirm the summary judgment on that ground alone. *See Trevino & Assocs.*, 400 S.W.3d at 144. Because Clark does not challenge on appeal TCA's ground that there was no written contract and that any oral contract would have violated the statute of frauds, we affirm the trial court's grant of summary judgment on Clark's claim for breach of contract on that ground.

*Breach of Fiduciary Duty*

TCA moved for summary judgment on Clark's claim for breach of fiduciary duty on several grounds, including that no fiduciary relationship existed at any time between it and Clark, and that no fiduciary relationship existed between it and Clark when Clark sought its assistance to contact Dillard's in 2011.

Clark first argues that the trial court erred by granting the motion for summary judgment because the motion was based entirely on defensive grounds not disclosed in response to Clark's discovery requests. In support of this argument, Clark cites *Hernandez v. Mid-Loop, Inc.*, 170 S.W.3d 138 (Tex. App.—San Antonio 2005, no pet.), and *Chasewood Oaks Condominiums Homeowners Ass'n v. Amatek Holdings, Inc.*, 977 S.W.2d 840 (Tex. App.—Fort Worth 1998, pet. denied). These two cases concerned plaintiffs who, after filing suit, actively frustrated all legitimate attempts by the defendants to define the causes of action and investigate potential defenses. The trial courts in those cases dismissed the plaintiffs' claims, and the appellate courts affirmed. *See Hernandez*, 170 S.W.3d at 144; *Chasewood Oaks*, 977 S.W.2d at 845. Neither of those cases involved a motion for summary judgment filed by a defendant who had failed to disclose its theories of the case. We conclude Clark has not shown the trial court erred by granting the motion for summary judgment due to TCA's failure to supplement its discovery responses with the defensive theories asserted in the motion for summary judgment.

One of TCA's grounds for summary judgment was that no fiduciary relationship existed between it and Clark. A fiduciary relationship is an extraordinary one and will not be created lightly. *In re Estate of Kuykendall*, 206 S.W.3d 766, 771 (Tex. App.—Texarkana 2006, no pet.). The mere fact that one party to a relationship subjectively trusts the other does not indicate the existence of a fiduciary relationship. *Id.*; *see also Crim Truck & Tractor Co. v. Navistar Int'l Transp. Corp.*, 823 S.W.2d 591, 595 (Tex. 1992) ("[M]ere subjective trust alone is not enough to transform arms-length dealing into a fiduciary relationship."). The party claiming a fiduciary duty has the burden of proving that a fiduciary duty exists. *Marathon Oil Co. v. Moye*, 893 S.W.2d 585, 591 (Tex. App.—Dallas 1994, orig. proceeding). Whether a fiduciary duty exists is a question of law. *Id.* A fiduciary relationship may arise as a matter of law in a principal-agent

relationship.  *McAfee, Inc. v. Agilysys, Inc.*, 316 S.W.3d 820, 829 (Tex. App.—Dallas 2010, no pet.).

Agency is a consensual relationship between two parties "by which one party acts on behalf of the other subject to the other's control."  *Suzlon Energy Ltd. v. Trinity Structural Towers, Inc.*, 436 S.W.3d 835, 841 (Tex. App.—Dallas 2014, no pet.) (quoting *Reliant Energy Servs., Inc. v. Cotton Valley Compression, L.L.C.*, 336 S.W.3d 764, 782–83 (Tex. App.—Houston [1st Dist.] 2011, no pet.)).  To prove agency, a party must prove the alleged principal has the rights (1) to assign the agent's task and (2) to control the means and details of the process by which the agent will accomplish that task.  *Happy Indus. Corp. v. Am. Specialties, Inc.*, 983 S.W.2d 844, 852 (Tex. App.—Corpus Christi 1998, pet. dism'd w.o.j.); *see Suzlon*, 436 S.W.3d at 841.  It is primarily the extent of the principal's control over the details of the agent's accomplishing the assigned task that distinguishes an agent from an independent contractor. *Walker Ins. Servs. v. Bottle Rock Power Corp.*, 108 S.W.3d 538, 549 (Tex. App.—Houston [14th Dist.] 2003, no pet.); *Happy Indus.*, 983 S.W.2d at 852.

Clark pleaded that TCA breached fiduciary duties arising from TCA's position as Clark's agent.  TCA asserted in its motion for summary judgment that no principal-agent relationship existed with Clark as a matter of law because Clark did not have control over the means and details of the process by which TCA conducted its representation of him.  In his response to the motion for summary judgment and in his brief on appeal, Clark argues that fact issues exist concerning the extent of TCA's duties to him in their relationship, but Clark does not argue that he had control over the means and details of TCA's representation of him.  An appellant must attack every ground upon which summary judgment could have been granted in order to obtain a reversal.  *See Malooly Bros.*, 461 S.W.2d at 121; *Trevino & Assocs.*, 400 S.W.3d at 144.  If an appellant fails to challenge one of the grounds for summary judgment, an appellate court may

–20–

affirm the summary judgment on that ground alone. *See Trevino & Assocs.*, 400 S.W.3d at 144. Because Clark does not challenge on appeal TCA's ground that it disproved Clark's claim of agency as a matter of law because Clark had no right to control the means and details of the process by which TCA represented him, we affirm the grant of summary judgment on that ground.[9]

In his reply brief, Clark argues for the first time that his claim of breach of fiduciary duty was not based on a formal relationship created between the parties by contract but was instead based on modeling industry standards that give rise to a special relationship of good faith and fair dealing. An appellant may not present arguments for the first time in a reply brief. *Cebcor Serv. Corp. v. Landscape Design & Constr., Inc.*, 270 S.W.3d 328, 334 (Tex. App.—Dallas 2008, no pet.); *Dall. Cnty. v. Gonzales*, 183 S.W.3d 94, 104 (Tex. App.—Dallas 2006, pet. denied). Moreover, Clark's claim in his petition is clearly one for breach of fiduciary duty based on an alleged principal-agent relationship between Clark and TCA. Clark did not plead a cause of action for breach of a duty of good faith and fair dealing. TCA was not required to move for summary judgment on claims that were not pleaded. *See Via Net v. TIG Ins. Co.*, 211 S.W.3d 310, 313 (Tex. 2006) ("Defendants are not required to guess what unpleaded claims might apply and negate them."); *SmithKline Beecham Corp. v. Doe*, 903 S.W.2d 347, 355 (Tex. 1995) (defendant need not show that plaintiff cannot succeed on any theory conceivable in order to obtain summary judgment but is only required to "meet the plaintiff's case as pleaded").

We conclude Clark has not shown the trial court erred by granting TCA's motion for summary judgment. We overrule Clark's third issue.

---

[9] Any fact issues concerning the extent of TCA's duties would not be material fact issues on Clark's claim for breach of fiduciary duty unless a principal-agent relationship existed. Clark has not shown the trial court would have erred by determining that no principal-agent relationship existed; therefore, any fact issues concerning the extent of TCA's duties are not material to Clark's claim for breach of fiduciary duty.

**JURY CHARGE**

In his seventh issue, Clark contends the trial court erred by overruling his objections to questions 3 and 4 of the jury charge. Jury question 3 asked whether Dillard's misappropriation of Clark's likeness was excused because (a) Dillard's paid Clark for the use of his image for packaging; (b) Clark authorized or consented to Dillard's use of his image for packaging; or (c) Clark released Dillard's from the use of his image for packaging. The jury answered "No" to question 3. Jury question 4 asked if the jury found Dillard's misappropriation was excused by mistake, and the question contained definitions for "mutual mistake" and "unilateral mistake." The jury answered "Yes" to question 4. Clark contends that jury questions 3 and 4 were incorrect as a matter of law and were internally inconsistent.

Dillard's asserts that Clark did not preserve any error because the record does not show Clark presented the objection to the trial court. "Any complaint as to a question, definition, or instruction, on account of any defect, omission, or fault in pleading, is waived unless specifically included in the objection." TEX. R. CIV. P. 274. Clark argues that the following excerpt from the reporter's record shows he objected and that his objection was overruled:

[The Court:] We are off the record.

*(Discussion off the record ensued.)*

*(Recess from 11:30 to 12:45 p.m.)*

The Court: We're back on the record.

I have given to—I discussed with counsel the form of the proposed charge to give to the jury.

To the extent that either Plaintiff or Defendant has requested instructions or questions that are not included with the charge—in my charge, the request to include same is denied, the objection to the failure to include same is overruled.

To the extent that the Court's charge includes instructions and/or questions which either party has not included in its proposed charge, the request to excise same is denied, the objection to the failure to excise same is overruled. Okay?

[Clark's attorney]: Yes, Your Honor.

The Court: I think that covers all the objections to the charge.

We disagree with Clark. This portion of the record does not show that Clark made any objection to jury questions 3 and 4, much less that he asserted they were incorrect as a matter of law and internally inconsistent. Nor does any other part of the record establish that Clark timely objected to jury questions 3 and 4. We conclude Clark has not preserved any error from the trial court's submission of jury questions 3 and 4. We overrule Clark's seventh issue.

## ISSUES ON CLARK'S DAMAGES

In his fourth issue, Clark contends the trial court abused its discretion by constructively striking Dr. Peter Sealey, Clark's expert witness on the damages Clark suffered. In his sixth issue, Clark contends the trial court erred by excluding evidence supporting disgorgement of Dillard's profits from the sale of Roundtree & Yorke underwear with Clark's image on the packaging. Clark's claim for unjust enrichment was barred by the statute of limitations, and Clark has not shown the trial court erred by rendering a take-nothing judgment on the misappropriation-of-likeness claim based on the jury's finding that claim was excused by mistake. Therefore, our resolution of Clark's issues concerning his damages is not necessary to final disposition of this appeal. *See Guerra v. Wal-Mart Stores, Inc.*, 943 S.W.2d 56, 60–61 (Tex. App.—San Antonio 1997, writ denied). Accordingly, we do not address Clark's fourth and sixth issues. *See* TEX. R. APP. P. 47.1.

## JUDICIAL NOTICE

In his fifth issue, Clark contends the trial court erred by failing to take judicial notice of past pleadings. Specifically, Clark wanted the trial court to take judicial notice of (1) the order granting TCA's motion for summary judgment, (2) the complaint and judicial opinion in the

–23–

federal case *Henley v. Dillard Department Stores*,[10] and (3) the trial court's finding that McKool was a responsible third party in the case. Rule of evidence 201 states, "A court shall take judicial notice [of adjudicative facts] if requested by a party and supplied with the necessary information." TEX. R. EVID. 201(d).

On July 10, 2013, Clark filed a pretrial motion requesting that the court take judicial notice of the *Henley* complaint, and Clark attached a certified copy of the complaint to the motion. At the pretrial hearing on July 16, 2013, the trial court considered the request for judicial notice of the *Henley* complaint. Clark's attorney explained, "it really has to do with punitive damages so perhaps it is part of the bifurcation that should be considered then." The trial court stated, "If it's only with regard to the punitive damages we'll jump off that bridge when we get to it." The court's written order regarding the pretrial hearing stated, "Plaintiff's Request for Judicial Notice filed July 10, 2013 is denied." Because the jury did not find that Clark's harm resulted from Dillard's malice, the jury did not reach the punitive damages stage. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 41.003(a) (West 2015). Therefore, the *Henley* complaint never became relevant. We conclude Clark has not shown the trial court erred by denying this request for judicial notice.

On July 17, 2013, the first day of trial, Clark filed three more requests for judicial notice of (1) the federal district court's opinion in *Henley v. Dillard Department Stores*, (2) the trial court's order granting TCA's motion for summary judgment, and (3) the trial court's order finding McKool a responsible third party. Although Clark states in his brief, "Incredibly, the trial court did not take judicial notice of these documents," Clark does not cite to any place in the record showing the court refused to take judicial notice, and nothing in the record shows the court refused to take judicial notice. We conclude that the record does not support Clark's

---

[10] *See* 46 F. Supp. 2d 587 (N.D. Tex. 1999).

–24–

contention that the trial court did not take judicial notice of these items. We overrule Clark's fifth issue.

## CONCLUSION

We reverse the trial court's judgment awarding Clark damages of $4,500, and we render judgment that Clark take nothing on his claim for unjust enrichment. In all other respects, we affirm the trial court's judgment.

/Lana Myers/

LANA MYERS

131503F.P05

JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

STEPHEN W. CLARK, Appellant

No. 05-13-01503-CV      V.

DILLARD'S INC. AND THE CAMPBELL
AGENCY, INC., Appellees

On Appeal from the 44th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-11-12848-B.
Opinion delivered by Justice Myers. Justices
Bridges and Lang-Miers participating.

In accordance with this Court's opinion of this date, we **REVERSE** the trial court's judgment insofar as it ordered that appellant Stephen W. Clark have and recover from appellee Dillard's, Inc. $4,500 in actual damages, and we **RENDER** judgment that appellant Stephen W. Clark take nothing on his unjust-enrichment claim against appellee Dillard's, Inc. In all other respects, we **AFFIRM** the trial court's judgment. We **ORDER** that appellees Dillard's, Inc. and The Campbell Agency, Inc. recover their costs of this appeal from appellant Stephen W. Clark.

Judgment entered this 25th day of March, 2015.