**AFFIRMED and Opinion October 21, 2024**



**In the**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-23-00702-CV**

**AMAIRANY S. RUIZ, Appellant**

**V.**

**CABELA'S WHOLESALE, INC. D/B/A CABELA'S, Appellee**

**On Appeal from the 471st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 471-00831-2018**

## MEMORANDUM OPINION

Before Justices Reichek, Nowell, and Carlyle
Opinion by Justice Carlyle

Appellant Amairany Ruiz suffered a dog bite injury during a pet adoption drive run by non-profit Raining Cats and Dogs Rescue and held at a Cabela's Wholesale Inc. store. On appeal, Ruiz argues the trial court erroneously granted Cabela's no-evidence motion for summary judgment seeking to hold Cabela's vicariously liable for RCAD's actions and directly liable for its own.[1] We affirm in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

---

[1] Ruiz waived her strict liability claim because she did not address it in her response to Cabela's no-evidence motion for summary judgment. *See* TEX. R. CIV. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal.").

We review a trial court's summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). A trial court must grant a no-evidence motion for summary judgment unless the nonmovant produces evidence raising a genuine issue of material fact on the challenged elements. TEX. R. CIV. P. 166a(i); *see City of Keller v. Wilson*, 168 S.W.3d 802, 810–11 (Tex. 2005). In our summary judgment review, we examine the record in the light most favorable to the nonmovant. *Forbes Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 172 (Tex. 2003).

We will sustain a no-evidence challenge when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013); *see also Forbes Inc.*, 124 S.W.3d at 172 ("More than a scintilla of evidence exists if it would allow reasonable and fair-minded people to differ in their conclusions."). "The purpose of a motion for no-evidence summary judgment is to assess the proof on an element of a claim or defense the movant believes in *good faith* is unsupported by evidence, after there has been adequate time for discovery, to determine if there is a genuine need for trial." *Jose Fuentes Co., Inc. v. Alfaro*, 418 S.W.3d 280, 286 (Tex. App.—Dallas 2013, pet. denied) (en banc).

Where, as here, a trial court's order granting summary judgment does not specify the grounds on which its order is based, the appealing party must negate each ground upon which the judgment could have been based. *Rosetta Res. Operating L.P. v. Martin*, 645 S.W.3d 212, 226 (Tex. 2022) (citing *Jarvis v. Rocanville Corp.*, 298 S.W.3d 305, 313 (Tex. App.—Dallas 2009, pet. denied)). A party may negate each ground by raising issues "or asserting a general issue that the trial court erred in granting summary judgment and within that issue providing argument negating all possible grounds upon which summary judgment could have been granted." *Id.* at 227 (quoting *Jarvis*, 298 S.W.3d at 313).

Ruiz first argues Cabela's is liable for RCAD's negligence via agency principles, summoning respondeat superior. Agency is the consensual relationship between two parties where one, the agent, acts on behalf of the other, the principal, and is subject to the principal's control. *See Reid Rd. Mun. Util. Dist. No. 2 v. Speedy Stop Food Stores, Ltd.*, 337 S.W.3d 846, 854 (Tex. 2011) (citing *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 200 (Tex. 2002)).

We do not presume an agency relationship exists. *Cap. Fin. & Comm. AG v. Sinopec Overseas Oil & Gas, Ltd.*, 260 S.W.3d 67, 83 (Tex. App.—Houston [1st Dist.] 2008, no pet.). An agency relationship may be shown by direct testimony or by circumstantial evidence showing "the relationship of the parties and their conduct concerning the transaction at hand." *Spangler v. Jones*, 861 S.W.2d 392, 397 (Tex. App.—Dallas 1993, writ denied). Although the question of agency is generally one

–3–

of fact, the question of whether a principal-agent relationship exists under established facts is a question of law for the court. *Ross v. Texas One P'ship*, 796 S.W.2d 206, 209–10 (Tex. App.—Dallas 1990), *writ denied*, 806 S.W.2d 222 (Tex. 1991) (per curiam).

To prove agency, Ruiz must establish that Cabela's, as the alleged principal, had the rights (1) to assign the agent's task and (2) to control the means and details of the process by which the agent will accomplish that task. *Clark v. Dillard's, Inc.*, 460 S.W.3d 714, 728 (Tex. App.—Dallas 2015, no pet.). The right to control "may be shown by explicit contractual assignment or actual exercise of control." *Shell Oil Co. v. Khan*, 138 S.W.3d 288, 292 (Tex. 2004). Here, Ruiz concedes there was no written contract, so we limit our agency analysis to actual control, focusing on who had specific control over the details of the adoption drive as opposed to a general right of control over operations. *See Exxon Corp. v. Tidwell*, 867 S.W.2d 19, 23 (Tex. 1993).

As an initial matter, the evidence shows RCAD reached out to Cabela's to host a pet adoption drive and that RCAD staffed and ran the drive itself. We question whether RCAD's first move in this transaction means Cabela's "assigned a task" at all, immediately defeating the first element of agency and any application of agency principles leading to vicarious liability. *See Clark*, 460 S.W.3d at 728.

Assuming that does not immediately take the relationship out of agency, the other evidence Ruiz points to does not establish an agency relationship. A Cabela's

representative acknowledged that if Cabela's saw RCAD "doing something dangerous or unsafe in any way" it could have told RCAD to cease its dangerous activity. And he noted that Cabela's told RCAD not to bring any skittish or easily startled dogs to the event. But we disagree this shows anything more than a general right to control operations or the dovetailing of duties Cabela's owed under different legal bases.

> Ruiz argues that a representative admitted Cabela's had a

> responsibility to take reasonable steps to ensure the safety of customers on its premises and that Cabela's assigned [RCAD] with the tasks of screening dogs that would be brought to the premises, making determinations about the temperament of dogs, deciding how dogs would be allowed to interact with the public and running the event in such a manner that did not pose an unreasonable risk of harm to the members of the public invited to attend.

Even accepting this as true, it is not proof that Cabela's controlled the means and details of RCAD's relevant processes. Instead, Ruiz's argument acknowledges that Cabela's left to RCAD to make determinations and decisions about their dogs' screenings, temperaments, and interactions with the public. Thus, even when viewed in the light most favorable to Ruiz, there is no evidence showing Cabela's had the right to control RCAD's adoption drive. *See Golden Spread Council, Inc. No. 562 of Boy Scouts of Am. v. Akins*, 926 S.W.2d 287, 290 (Tex. 1996) (citing *Anderson v. Boy Scouts of Am., Inc.*, 589 N.E.2d 892, 894–95 (Ill. App. Ct. 1992) (concluding that no agency relationship existed between BSA and scoutmaster who

ran over infant while making delivery for troop because no showing of direct control over his activities)).

Similarly, Ruiz argues that even if RCAD was an independent contractor instead of an agent, Cabela's is still vicariously liable because it exercised some control over the adoption drive. The difference between agency and independent contractor is control: "when one has the right to control the end sought to be accomplished, but not the means and details of how it should be accomplished, the person employed acts as an independent contractor and not as an agent." *Olympia Capital Assocs., L.P. v. Jackson*, 247 S.W.3d 399, 413 (Tex. App.—Dallas 2008, no pet.). The general rule is that one who employs independent contractors has no duty to ensure they safely perform their work. *JLB Builders, L.L.C. v. Hernandez*, 622 S.W.3d 860, 864–65 (Tex. 2021). An exception applies when "the employer retains some control over the manner in which the contractor performs the work that causes the damage." *Id.* at 865 (cleaned up).

Ruiz obliquely argues Cabela's controlled RCAD for independent contractor purposes in the same way she argues agency principles apply. The two analyses have the slightest of overlap here, but we concluded above that Cabela's retained no more than a general right to control its premises. The control relevant to the analysis in this situation "must relate to the condition or activity that caused the injury." *See Clayton W. Williams, Jr., Inc. v. Olivo*, 952 S.W.2d 523, 528 (Tex. 1997). Here, we have already noted that Cabela's delegated to RCAD the authority over

–6–

what dogs to bring, within the broad instruction that no skittish or easily startled dogs be brought. Cabela's retained an insufficient amount of control over RCAD's adoption drive for RCAD to qualify as an independent contractor of Cabela's here. Thus, the trial court did not err when it granted Cabela's no-evidence motion for summary judgment on Ruiz's negligence claim, whatever the vicarious liability theory was. *See JLB Builders*, 622 S.W.3d at 865–69.

Turning to Ruiz's premises liability claim, we assume without deciding that Ruiz was an invitee. *See Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193, 202 (Tex. 2015) ("An invitee is one who enters the property of another with the owner's knowledge and for the mutual benefit of both."). Therefore, Cabela's would owe Ruiz the duty "to make safe or warn against any concealed, unreasonably dangerous conditions of which the landowner is, or reasonably should be, aware but the invitee is not." *Id.* at 203.

Further assuming the dog that bit Ruiz constituted a concealed and unreasonably dangerous condition, there is no evidence in the record that Cabela's was—or reasonably should have been—aware of the risk associated with RCAD's dogs, their temperaments, their screenings, or deciding how they would be allowed to interact with the public. Instead, the limited record before us shows that (1) Cabela's instructed RCAD "that they were not to bring any skittish [or] easily startled dogs onto the property," (2) a Cabela's representative had personally interacted with the dog in question "on several occasions," and (3) the representative

"never saw any signs that would lead [him] to believe [the dog] was not a safe dog to have at these events." Ruiz did not introduce any controverting evidence. We therefore conclude Ruiz has failed to raise a genuine issue of material fact on Cabela's awareness and the trial court did not err when it granted Cabela's no-evidence motion for summary judgment.

Thus, we affirm the trial court's judgment.[2]

230702f.p05

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

---

[2] Ruiz noted an issue regarding the trial court striking RCAD's responses to her Requests for Admission and her prayer includes requests for relief regarding that act, but she provides insufficient argument on those points to present us with anything to review. *See* TEX. R. APP. P. 38.1(i).



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

AMAIRANY S. RUIZ, Appellant

No. 05-23-00702-CV  V.

CABELA'S WHOLESALE, INC.
D/B/A CABELA'S, Appellee

On Appeal from the 471st Judicial
District Court, Collin County, Texas
Trial Court Cause No. 471-00831-
2018.
Opinion delivered by Justice Carlyle.
Justices Reichek and Nowell
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee CABELA'S WHOLESALE, INC. D/B/A CABELA'S recover its costs of this appeal from appellant AMAIRANY S. RUIZ.

Judgment entered this 21st day of October, 2024.