**Modify, Affirm as modified, and remand; Opinion Filed June 25, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-00956-CV

**BALTHAZAR & SONS CUSTOM HOMES AND REMODELING, LLC, RENOVAR CONSTRUCTION, LLC, JOHN BALTHAZAR, AND DEBORAH BALTHAZAR,**
**Appellants**
**V.**
**MATTHEW FULLER AND MARTHA FULLER, Appellees**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-03303-2008**

## MEMORANDUM OPINION
Before Justices Lang, Myers, and Evans
Opinion by Justice Myers

Balthazar & Sons Custom Homes and Remodeling, LLC, Renovar Construction, LLC, and John and Deborah Balthazar appeal the trial court's judgment in favor of Matthew and Martha Fuller on the Fullers' claim for fraudulent transfer. John and Deborah Balthazar, who are the only appellants to file a brief on appeal, bring three issues contending (1) the trial court erred by granting the Fullers' motion for summary judgment on fraudulent transfer because the Balthazars established a statute of repose as a matter of law; (2) the Fullers failed to prove actual intent to defraud as a matter of law; and (3) the amount of damages in the judgment is improper as a matter of law because the damages were based on the amount of the Fullers' claim and not on the value of the assets fraudulently transferred. We sustain the Balthazars' third issue. We modify the trial

court's judgment reducing the damages against the Balthazars to the value of the fraudulent transfers, we affirm the trial court's judgment as modified, and we remand the cause to the trial court for entry of judgment in accordance with this Court's opinion.

## BACKGROUND

In 2007, the Fullers signed a contract with Balthazar Custom Homes, LLC[1] (BCH) for it to construct a home for them. BCH constructed the home, but the Fullers refused to approve the home and to make the final payment. On October 10, 2008, BCH sued the Fullers and demanded the dispute be arbitrated. The Fullers filed a counterclaim against BCH asserting BCH owed them "in excess of $400,000 for construction delays, for construction defects and for the completion of items BCH did not perform under the contract." The parties arbitrated their claims, and the arbitrator found for the Fullers. The arbitrator ordered that BCH take nothing on its claims and that BCH pay the Fullers damages of $76,510.01 and attorney's fees of $23,341.81. On April 13, 2010, the trial court signed a judgment in accordance with the arbitration order. BCH did not appeal this judgment.

From 2008, BCH made payments for the Balthazars' mortgage on another property and paid their utility and maintenance costs. On April 6, 2010, which was after the arbitration order and one week before the trial judge signed the judgment confirming the arbitration order, the Balthazars created a new entity, appellant Balthazar & Sons Custom Homes and Remodeling, LLC. After the April 2010 judgment, BCH did no more construction work, and it had no assets and no debts other than the Fullers' judgment. In 2014, BCH forfeited its charter for failure to pay taxes. On March 16, 2015, the Fullers sought a turnover order to aid in collecting the judgment against BCH. On October 29, 2015, the trial court awarded the Fullers sanctions of $37,147.13 against BCH as a discovery sanction.

---

[1] This is a different entity from appellant Balthazar & Sons Custom Homes and Remodeling, LLC.

On May 5, 2015, the Fullers filed suit against the Balthazars and their business entities asserting they made fraudulent transfers of assets to avoid paying the Fullers' judgment. This suit was consolidated with the turnover-order enforcement proceedings in the 2008 lawsuit.

In 2017, the Fullers moved for summary judgment on their fraudulent-transfer cause of action. John Balthazar, who was pro se, was the only defendant to file a response to the motion for summary judgment. The trial court granted the Fullers' motion for summary judgment, awarding the Fullers damages in the amount of their claim against BCH, $182,495.10, and attorney's fees of $4,275.78.

## STATUTE OF REPOSE

In their first issue, the Balthazars contend the trial court erred by granting the Fullers' motion for summary judgment on fraudulent transfer because the Balthazars established a statute of repose as a matter of law. Section 24.010 of the Business and Commerce Code requires that most forms of fraudulent transfers be brought within one, two, or four years of when the transfers were made, depending on the circumstances. *See* TEX. BUS. & COM. CODE ANN. § 24.010 (West 2015). The transfers the Fullers alleged were fraudulent occurred more than four years before the Fullers filed suit. The Balthazars pleaded in their answer to the 2015 lawsuit, "Plaintiff's [sic] claims are barred in whole or in part by applicable statute of limitations."

The limitations or repose periods in section 24.010 are affirmative defenses. *See Walker v. Anderson*, 232 S.W.3d 899, 910 (Tex. App.—Dallas 2007, no pet.). Affirmative defenses that are raised in a nonmovant's pleadings but that are not expressly asserted in a response or other answer to a motion for summary judgment cannot be considered on appeal as grounds for reversal. *KBG Invs., LLC v. Greenspoint Prop. Owners' Ass'n, Inc.*, 478 S.W.3d 111, 114 (Tex. App.—Houston [14th Dist.] 2015, no pet.); s*ee City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979) ("The new rule requires that contentions be expressly presented in the written

motion or in a written answer or response to the motion, and pleadings are not to be considered in determining whether fact issues are expressly presented in summary judgment motions.").

Deborah Balthazar did not file a response to the motion for summary judgment. John Balthazar's response to the motion for summary judgment did not mention section 24.010 or any statute of limitations or repose. Because the Balthazars did not assert section 24.010 in a response to the motion for summary judgment, they may not assert it as a ground for reversal on appeal. *KBG Invs.*, 478 S.W.3d at 114.

We overrule the Balthazars' first issue.[2]

## SUFFICIENCY OF THE EVIDENCE

In their second issue, the Balthazars contend the trial court erred by granting the Fullers' motion for summary judgment because the Fullers' failed to prove their fraudulent transfer cause of action as a matter of law. The standard for reviewing a traditional summary judgment is well established. *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985); *McAfee, Inc. v. Agilysys, Inc.*, 316 S.W.3d 820, 825 (Tex. App.—Dallas 2010, no pet.). The movant has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). In deciding whether a disputed material fact issue exists precluding summary judgment, evidence favorable to the nonmovant will be taken as true. *Nixon*, 690 S.W.2d at 549; *In re Estate of Berry*, 280 S.W.3d 478, 480 (Tex. App.—Dallas 2009, no pet.). Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005). We review a summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. *Dickey v. Club Corp.*, 12 S.W.3d 172, 175 (Tex. App.—Dallas 2000, pet. denied).

---

[2] The Balthazars first presented their argument that section 24.010 barred the Fullers' claims in their motion for reconsideration of the motion for summary judgment. The Balthazars do not assert on appeal that the trial court abused its discretion by denying their motion for reconsideration. Therefore, we do not address whether section 24.010 would have barred the Fullers' claims if the Balthazars had asserted it timely.

When the summary judgment order does not state the ground on which summary judgment was granted, the summary judgment will be affirmed if any of the grounds are meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).

Suits for fraudulent transfers are governed by chapter 24 of the Business and Commerce Code. Section 24.005 and 24.006 set out the elements for these causes of action:

**§ 24.005. Transfers Fraudulent as to Present and Future Creditors**

(a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or within a reasonable time after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

> (1) with actual intent to hinder, delay, or defraud any creditor of the debtor; or
>
> (2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
>
>> (A) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
>>
>> (B) intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

(b) [Setting out eleven non-exclusive factors for determination of actual intent under subsection (a)(1).]

**§ 24.006. Transfers Fraudulent as to Present Creditors**

(a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

(b) A transfer made by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made if the transfer was made to an insider for an antecedent debt, the debtor was insolvent at that time, and the insider had reasonable cause to believe that the debtor was insolvent.

BUS. & COM. §§ 24.005, .006.

In this case, the Fullers moved for summary judgment on the grounds that they conclusively proved fraudulent transfers under sections 24.005(a) and 24.006. On appeal, the Balthazars argue the Fullers were barred by the statute of repose from proving a fraudulent transfer under any provision except section 24.005(a)(1), fraudulent transfers made "with actual intent to hinder, delay, or defraud any creditor of the debtor." As discussed above, the Balthazars cannot assert on appeal that the statute of repose bars the Fullers' claims because they did not assert the statute in their response to the motion for summary judgment. Therefore, the Fullers are not limited to intentional fraudulent transfers under section 24.005(a)(1) and may rely on the other provisions for fraudulent transfer. The Balthazars, however, assert no other argument for why the trial court would have erred by granting the Fullers' motion for summary judgment on the grounds of sections 24.005(a)(2) or 24.006. Accordingly, we conclude the Balthazars' have not shown the trial court erred by granting the motion for summary judgment on one of these other grounds. *Cf. Malooly Bros., Inc. v. Napier,* 461 S.W.2d 119, 121 (Tex. 1970) (party appealing a summary judgment must attack every ground on which summary judgment could have been granted in order to obtain a reversal); *Clark v. Dillard's, Inc.*, 460 S.W.3d 714, 727 (Tex. App.—Dallas 2015, no pet.) (appellate court may affirm summary judgment on ground not challenged on appeal).

The Balthazars also argue the Fullers conceded they could recover only for intentional fraudulent transfers. Under section 24.010, a cause of action under section 24.006(b) must be brought within one year of the transfer, and a cause of action under sections 24.005(a)(2) or 24.006(a) must be brought within four years after the transfer. BUS. & COM. § 24.010(a)(2), (3). However, a cause of action under section 24.005(a)(1) for intentional fraudulent transfer must be brought within four years of the transfer "or, if later, within one year after the transfer or obligation was or could reasonably have been discovered by the claimant." *Id.* § 24.010(a)(1). At the hearing

on the Balthazars' motion for reconsideration, the document in which the Balthazars' first raised section 24.010, the following exchange between the trial court and the Fullers' attorney occurred:

> THE COURT: Okay. Would you agree that four years doesn't apply, but you're relying on the one year after discovery?
>
> [The Fullers' Attorney]: I would agree that we're definitely relying on the fact that we were—we didn't discover it until later. And, yes, we are allowed under the statute to go ahead and have that one year after we discover so, yes, Judge.

This exchange took place six weeks after the trial court signed the summary judgment, which was the final judgment in this case.

A judicial admission must be a deliberate, clear, and unequivocal statement. *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 905 (Tex. 2000). The statement of the Fullers' attorney at the hearing on the motion to reconsider did not concede there was no merit to the motion for summary judgment on the grounds under sections 24.005(a)(2) and 24.006 as the motion for summary judgment and response were submitted to the trial court. Instead, the argument was that if the trial court were to apply section 24.010 to the case, then the Fullers would still be relying on the one-year discovery provision for claims under section 24.005(a)(1). We conclude the Fullers did not concede they could recover on their motion for summary judgment for only intentional fraudulent transfers.

We conclude the Balthazars have not shown the trial court erred by granting the Fullers' motion for summary judgment. We overrule the Balthazars' second issue.

## DAMAGES

In their third issue, the Balthazars contend the amount of damages awarded was improper. The Texas Uniform Fraudulent Transfer Act allows the trial court to award a defrauded creditor "judgment for the value of the asset transferred . . . or the amount necessary to satisfy the creditor's claim, whichever is less." BUS. & COM. § 24.009(b). The trial court may also award, "subject to applicable principles of equity and in accordance with applicable rules of civil procedure . . . any

other relief the circumstances may require." *Id.* § 24.008(a)(3)(C). The court may also "award costs and reasonable attorney's fees as are equitable and just." *Id.* § 24.013.

The judgment provides the following awards to the Fullers:

1. $76,510.01, plus prejudgment interest on this amount of $32,032.08;

2. attorney's fees in the "original lawsuit" of $23,341.81, plus prejudgment interest of $9,772.41;

3. the discovery sanction of $37,147.13, plus prejudgment interest of $3,691.66; and

4. attorney's fees of $4,275.78.

The Balthazars argue the evidence does not support the first three of these awards. We agree.

The awards of $76,510.01 plus prejudgment interest, the attorney's fees of $23,341.81 plus prejudgment interest, and the discovery sanction of $37,147.13 plus prejudgment interest total $182,495.10. This is "the amount necessary to satisfy the creditor's claim." *See id.* § 24.009(b). The Fullers were entitled to judgment for this amount only if they conclusively proved that the value of the assets fraudulently transferred exceeded this amount. *See id.* However, the Fullers' motion for summary judgment proved fraudulent transfers totaling $64,405.25 from BCH's payments of "$54,382.73, in mortgage payments, $1,057.88 in utility payments, and $8,964.64 in maintenance and other costs."[3] Because the value of the assets the Fullers proved were fraudulently transferred did not exceed the amount of their claim, the Fullers' recovery is limited to the value of the assets fraudulently transferred, $64,405.25, plus the attorney's fees the court awarded of $4,275.78.[4]

---

[3] The Fullers stated in their motion for summary judgment that Balthazar & Sons Custom Homes and Remodeling, LLC took over BCH's business and business relationships but "did not pay any sum of money to obtain any goodwill of BCH." However, the Fullers presented no evidence of the value of the business, business relationships, and goodwill. Because they presented no evidence of the value of those items, they failed to prove conclusively that the assets fraudulently transferred exceeded the amount of their claim against BCH.

[4] The Balthazars do not argue on appeal that the trial court erred by awarding attorney's fees of $4,275.78.

The Fullers argue the trial court was authorized under section 24.008(a) to render judgment against the Balthazars for the $37,147.13 discovery sanction imposed against BCH. Section 24.008(a)(3) allows the trial court to provide, "subject to the limitations in Section 24.009" and "subject to applicable principles of equity and in accordance with applicable rules of civil procedure . . . (C) any other relief the circumstances may require." BUS. & COM. § 24.008(a)(3)(C). The Fullers argue, "In light of the severity of the repeated nature of the discovery abuse in this case for which BCH and its principals, the Appellants, were responsible, it was squarely within the Trial Court's discretion to include the aforementioned sanctions in the Final Summary Judgment." We disagree. The sanction was imposed against BCH in a suit in which the Balthazars were not parties. The trial court's imposition of the sanctions order against the Balthazars exceeds the limitations on the amount of a defendant's liability under section 24.009, which limits the fraudulent transferee's liability to "the value of the asset transferred . . . or the amount necessary to satisfy the creditor's claim, whichever is less." The trial court's imposition of the sanction on the Balthazars skirts this limitation and is not allowed under section 24.008(a)'s language, "subject to the limitations in Section 24.009."

We sustain the Balthazars' third issue.

**CONCLUSION**

Because appellants Balthazar & Sons Custom Homes and Remodeling, LLC and Renovar Construction, LLC did not file an appellant's brief, we affirm the trial court's judgment as to them. *See* TEX. R. APP. P. 38.8(a)(3) ("If an appellant fails to timely file a brief, the appellate court may: . . . (3) if an appellee's brief is filed, the court may regard that brief as correctly presenting the case and may affirm the trial court's judgment upon that brief without examining the record.").

The Balthazars state in their brief that if we sustain their third issue, which we have done, that we reduce the amount of the damages awarded to conform with the Fraudulent Transfer Act.

Accordingly, we modify the trial court's judgment to provide that the Fullers are entitled to judgment against the Balthazars for $64,405.25 plus any appropriate prejudgment interest, attorney's fees of $4,275.78, and post-judgment interest, and we affirm the trial court's judgment as modified. We remand the cause to the trial court for entry of judgment in accordance with this opinion.

/Lana Myers/
LANA MYERS
JUSTICE

170956F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BALTHAZAR & SONS CUSTOM
HOMES AND REMODELING, LLC,
RENOVAR CONSTRUCTION, LLC,
JOHN BALTHAZAR, AND DEBORAH
BALTHAZAR, Appellants

On Appeal from the 416th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 416-03303-2008.
Opinion delivered by Justice Myers.
Justices Lang and Evans participating.

No. 05-17-00956-CV          V.

MATTHEW FULLER AND MARTHA
FULLER, Appellees

In accordance with this Court's opinion of this date, the judgment of the trial court is **MODIFIED** by deleting the amounts awarded to appellees Matthew Fuller and Martha Fuller against appellants John Balthazar and Deborah Balthazar and to provide that appellees Matthew Fuller and Martha Fuller recover $64,405.25 from appellants John Balthazar and Deborah Balthazar plus prejudgment interest, attorney's fees of $4,275.78, and post-judgment interest. We **AFFIRM** the trial court's judgment as modified. We **REMAND** the cause to the trial court for entry of judgment in accordance with this Court's opinion.

It is **ORDERED** that appellees Matthew Fuller and Martha Fuller recover their costs of this appeal from appellants Balthazar & Sons Custom Homes and Remodeling, LLC and Renovar Construction, LLC, and it is further **ORDERED** that appellants John Balthazar and Deborah Balthazar recover their costs of this appeal from appellees Matthew Fuller and Martha Fuller.

Judgment entered this 25th day of June, 2018.