**Affirm and Opinion Filed September 19, 2022**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-21-00615-CV

## GLORIA WOODS AND TORI WOODS, INDIVIDUALLY AND AS NEXT FRIEND OF M.W., A CHILD, Appellants
## V.
## BW MIDTOWN CEDAR HILL, L.L.C., Appellee

### On Appeal from the 134th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. DC-20-11275

## MEMORANDUM OPINION
Before Justices Myers, Pedersen, III, and Garcia
Opinion by Justice Myers

Gloria Woods and Tori Woods, individually and as next friend of M.W., a child, appeal the trial court's judgment granting BW Midtown Cedar Hill, L.L.C.'s motion for summary judgment on their claims. Appellants bring one issue on appeal contending the trial court erred by granting Midtown's motion for summary judgment.

## BACKGROUND

On May 23, 2019, Gloria signed an "Apartment Lease Contract" on an apartment with Midtown. Gloria was the only resident designated on the lease. The

lease ran from June 7, 2019 to June 30, 2020. Tori, Gloria's daughter, and M.W., Tori's son, moved into the apartment. On November 6, 2019, Gloria sent letters to Midtown and Midtown's management company stating there were concerns about air quality in the apartment. She also stated she had purchased an air quality test kit, which she said "brought to [my] attention that there is dangerous and hazardous mold in the apartment." She did not specifically request that Midtown fix the problem. Instead, she stated, "I am only requesting to be let out of my lease and requesting a full return of all monies paid for the lease . . . ." When Midtown received and opened the letter on November 11, 2019, it sent an employee to the apartment who changed the air filter on the HVAC unit. Midtown also offered to schedule an air-duct cleaning. Tori sent an e-mail to Midtown stating she declined having the air ducts cleaned and requested to be let out of the lease. On November 20, 2019, Midtown sent a letter to Gloria stating it would have the air tested if Gloria shared the result of her air testing and if those results suggested there were dangerous or contaminated particles in the apartment. Midtown denied Gloria's request to be released from the lease. Neither Gloria nor Tori made a complaint about mold or submitted work orders related to the presence of mold in the apartment after November 11, 2019. Tori moved out of the apartment on May 31, 2020. Midtown issued Gloria a rent credit for June.

Appellants filed suit against Midtown alleging causes of action for negligence, failure to repair or remedy, retaliation, and breach of contract. Midtown moved for

a no-evidence and traditional summary judgment on all of appellants' causes of action. Appellants filed a response to the motion for summary judgment and attached affidavits, discovery responses, and a report from a professional air-quality testing company. Midtown objected to some of the evidence. The trial court granted Midtown's motion for summary and ordered that appellants take nothing on their claims. The court also signed a written order sustaining two of Midtown's objections to appellants' summary judgment evidence and overruling Midtown's other objections.

## SUMMARY JUDGMENT

Appellants contend the trial court erred by granting Midtown's motion for summary judgment. When a party moves for both no-evidence and traditional summary judgments, we first consider the no-evidence motion. *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 219 (Tex. 2017). Any claims that survive the no-evidence review will then be reviewed under the traditional standard.

We review a no-evidence summary judgment under the same legal sufficiency standard used to review a directed verdict. *See* TEX. R. CIV. P. 166a(i); *Flood v. Katz*, 294 S.W.3d 756, 762 (Tex. App.—Dallas 2009, pet. denied). We must determine whether the nonmovant produced more than a scintilla of probative evidence to raise a fact issue on the material questions presented. *See Flood*, 294 S.W.3d at 762. When analyzing a no-evidence summary judgment, we consider all

the evidence in the light most favorable to the nonmovant, we indulge every reasonable inference, and we resolve any doubts against the movant. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006) (quoting *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005)). A no-evidence summary judgment is improperly granted if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). "More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable, fair-minded persons to differ in their conclusions." *Id.* (quoting *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). "Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion' of a fact." *Id.* (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)).

In a traditional summary judgment, the movant has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). In deciding whether a disputed material fact issue exists precluding summary judgment, evidence favorable to the nonmovant will be taken as true. *In re Estate of Berry*, 280 S.W.3d 478, 480 (Tex. App.—Dallas 2009, no pet.). Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *City of Keller*, 168 S.W.3d at 824.

We review a summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. *Sandberg v. STMicroelectronics, Inc.*,

–4–

600 S.W.3d 511, 521 (Tex. App.—Dallas 2020, pet. denied). When the trial court's order granting the motion for summary judgment does not specify the grounds on which the order is based, the appealing party must negate each ground upon which the judgment could have been based. *Rosetta Res. Operating Co., LP v. Martin*, 645 S.W.3d 212, 226 (Tex. 2022). "A general statement that the trial court erred by granting the movant's motion for summary judgment may be sufficient to allow argument on all possible grounds that the summary judgment motion was granted, but if a party does not brief those arguments to the court of appeals, the court of appeals cannot properly reverse summary judgment on those grounds." *Id.* at 227 (internal punctuation omitted); *see also id.* at 228 (court of appeals erred by reversing summary judgment when appellant did not address each independent ground on which trial court have based its summary judgment).

### Who is a Tenant

Midtown's motion for summary judgment argued it had no duty to Tori and M.W. and that Tori and M.W. had no authority to bring certain causes of action because they were not tenants. Section 1 of the lease stated, "This Lease Contract ('Lease') is between you, the resident(s) (*list all people signing the Lease*): Gloria Woods and us, the owner: Midtown . . . ." The lease did not list Tori or M.W. Section 2, directly below section 1, stated, "The apartment will be occupied only by you and (*list all other occupants not signing the Lease*): Above Only—and no one else. Anyone not listed here cannot stay in the apartment for more than 7 days in

one week without our prior written consent, and no more than twice that many days in any one month." Gloria signed the lease; Tori and M.W. did not sign it.

Tori signed a rental application with Midtown on May 31, 2019. She testified in her affidavit that a Midtown employee told her before she moved into the apartment leased by Gloria that her "application for residence had been approved." She testified she moved into the unit with Gloria and M.W., and since that time, she had "consistently paid rent in person at the on-site management office" and that she had "received numerous packages that she had to collect from the on-site management office." She stated she was under the impression that she and M.W. were on the lease until she learned in October 2019 that she and M.W. were not on the lease. She said she spoke with the management office "about correcting that mistake," and she said she was told that she and M.W. would be added to the lease. The record contains no evidence that she ever signed the lease or that she and M.W. were listed on the lease as residents of the apartment.

Midtown argued Tori and M.W. were not tenants under the lease because they were not listed on the lease, which required that all residents be listed, and they did not sign the lease. The lease stated no lease changes (with certain inapplicable exceptions) would be permitted during the term of the lease except "by a written addendum or amendment signed by you and us." Another provision stated, "Our representatives . . . have no authority to . . . amend . . . this Lease or any part of it unless in writing, and no authority to make promises, representations, or agreements

–6–

that impose security duties or other obligations on us or our representatives unless in writing."

Midtown pleaded the statute of frauds, and it argued in its motion for summary judgment that section 26.01(a) and (b)(5) of the Texas Business and Commerce Code barred oral amendment of the lease. Section 26.01(a) and (b)(5) requires that "a lease of real estate for a term longer than one year" be "(1) in writing; and (2) signed by the person to be charged with the promise or agreement." In this case, the lease was for longer than one year, June 7, 2019 to June 30, 2020. Thus, the lease is subject to the statute of frauds, and "an oral modification of a written contract is enforceable under the Statute of Frauds only if the modification does not materially alter the obligations imposed by the underlying agreement." *White v. Harrison*, 390 S.W.3d 666, 674 (Tex. App.—Dallas 2012, no pet.). Midtown asserted in its motion for summary judgment that adding Tori and M.W. to the lease would materially alter Midtown's obligations.

Appellants assert on appeal, without explanation or citation of authority, that Tori's testimony that employees at the manager's office told her she would be added to the lease and Midtown's acceptance of rent payments from her raised a genuine issue of material fact whether she and M.W. were tenants under the lease. Appellants presented no evidence that the lease was modified in writing to include Tori and M.W. as tenants. Appellants' brief on appeal does not address Midtown's argument that the statute of frauds barred an oral modification of the lease adding Tori and

–7–

M.W. to the lease. Instead, appellants argue, "that contractual issue [the statute of frauds] was not before the court; the only issue was whether Tori and M.W. could be considered tenants at the time of reporting the mold issue." Contrary to appellants' assertion, the statute of frauds issue was before the trial court: Midtown pleaded the statute of frauds and asserted it in its supplemental motion for summary judgment. Appellants present no argument on appeal explaining why the statute of frauds would not apply to bar oral amendment of the lease to add Tori and M.W. to the lease. We conclude Midtown established that Tori and M.W. were not tenants under the lease because the lease was not amended in writing to include them as tenants.

## Negligence

Appellants alleged that Midtown was negligent in making its repairs to the air conditioning system by only changing the air filter and not making any repairs to the issue of mold growing in the apartment. The elements of a premises-liability negligence cause of action are: (1) actual or constructive knowledge by the owner/operator of the premises of some condition on the premises; (2) the condition posed an unreasonable risk of harm; (3) the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and (4) the owner/operator's failure to use such care proximately caused the plaintiff's injuries. *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992).

Midtown moved for no-evidence summary judgment on the ground that appellants had no evidence that Midtown owed a duty to Tori and M.W. because they were trespassers and there were no allegations that Midtown acted willfully, wantonly, or through gross negligence. Midtown asserted it did not owe a duty to Gloria because she did not live in the apartment. Midtown also moved for summary judgment on the grounds that appellants had no evidence of a harmful condition in the apartment, no evidence of personal injuries, and no evidence that any mold in the apartment was a proximate cause of injuries to appellants.

On appeal, appellants argue that Tori and M.W. were tenants of Midtown. They also argued they proved a dangerous condition existed in the apartment because they submitted an expert report from a company that tested the air quality in the apartment. Appellants acknowledge that Midtown objected to the report and that the trial court sustained the objections. But appellants "submit that this ruling is insufficiently specific upon which to base a summary judgment ruling." Appellants do not explain how the ruling was "insufficiently specific," nor do they cite any authority. Midtown's objections were to the report "in its entirety." It objected to the lack of authentication of the report, its being hearsay, and the fact that it was an expert report from undisclosed experts. The trial court's ruling stated:

> **Objection No. 6:** Concerning the Report of the Limited mold Investigation dated December 2, 2019, prepared by advance Environmental Control, Inc., (the "Mold Report").
>
> X    Sustained                    ___    Overruled

–9–

> It is the Order of this Court that any of the foregoing matters for which an objection was sustained shall not be considered as evidence at the hearing on Defendant's Traditional and No Evidence Motion for Summary Judgment filed with the Court on May 13, 2021.

This ruling is clear: all of Midtown's objections concerning the report were to the report in its entirety, and the order sustained Midtown's "Objection" and ordered that the evidence would not be considered. There was no doubt that the order excluded the report in its entirety. Because the trial court excluded this report, appellants had no evidence of a harmful condition in the apartment.

Furthermore, appellants arguments on appeal do not address Midtown's no-evidence grounds that appellants had no evidence of personal injuries and no evidence that any mold in the apartment was a proximate cause of any injuries. An appellant must attack every ground on which summary judgment could have been granted in order to obtain a reversal. *Rosetta Res.*, 645 S.W.3d at 226; *Clark v. Dillard's, Inc.*, 460 S.W.3d 714, 727 (Tex. App.—Dallas 2015, no pet.). Because appellants have not addressed every ground of Midtown's motion for summary judgment, they have not shown the trial court erred by granting Midtown's motion for summary judgment on appellants' negligence cause of action. *See Rosetta Res.*, 645 S.W.3d at 228; *Clark*, 460 S.W.3d at 727.

We conclude the trial court did not err by granting Midtown's motion for summary judgment on appellants' negligence cause of action.

## Failure to Repair and Remedy

Appellants also contend the trial court erred by granting Midtown's motion for summary judgment on their cause of action under section 92.056(b) of the Texas Property Code. *See* TEX. PROP. CODE ANN. § 92.056(b). That statute provides:

(b) A landlord is liable to a tenant as provided by this subchapter if:

(1) the tenant has given the landlord notice to repair or remedy a condition by giving that notice to the person to whom or to the place where the tenant's rent is normally paid;

(2) the condition materially affects the physical health or safety of an ordinary tenant;

(3) the tenant has given the landlord a subsequent written notice to repair or remedy the condition after a reasonable time to repair or remedy the condition following the notice given under Subdivision (1) or the tenant has given the notice under Subdivision (1) by sending that notice by certified mail, return receipt requested, by registered mail, or by another form of mail that allows tracking of delivery from the United States Postal Service or a private delivery service;

(4) the landlord has had a reasonable time to repair or remedy the condition after the landlord received the tenant's notice under Subdivision (1) and, if applicable, the tenant's subsequent notice under Subdivision (3);

(5) the landlord has not made a diligent effort to repair or remedy the condition after the landlord received the tenant's notice under Subdivision (1) and, if applicable, the tenant's notice under Subdivision (3); and

(6) the tenant was not delinquent in the payment of rent at the time any notice required by this subsection was given.

*Id.*

Midtown moved for summary judgment on the grounds that Tori and M.W. were not tenants and therefore did not meet the first element; Gloria did not provide a notice to repair and therefore did not meet the first element; there was no evidence that a condition materially affecting the physical health or safety of an ordinary tenant was present in the dwelling unit and therefore did not meet the second element; and that the evidence established Midtown met its statutory duties to repair or remedy the alleged air quality condition by replacing the air conditioning filter and agreeing to have the air ducts cleaned.

On appeal, appellants argue the notice from Tori was sufficient notice because she was a tenant. They also argue that their expert report raised a genuine issue of material fact concerning whether there was a condition materially affecting the physical health or safety of an ordinary tenant. Concerning whether Tori was a tenant, section 92.001 defines "Tenant" for purposes of chapter 92, including section 92.056, as meaning "a person who is authorized by a lease to occupy a dwelling to the exclusion of others . . . ." Appellants presented no evidence that Tori was authorized by the lease to occupy the apartment. The lease showed that Tori was not listed on the lease and therefore had no authority to occupy the apartment to the exclusion of others. The record also shows appellants had no evidence of a condition materially affecting the physical health or safety of an ordinary tenant because the trial court sustained Midtown's objections to appellants' expert report, and the court excluded the report from the evidence.

Furthermore, appellants' brief on appeal does not address Midtown's ground for summary judgment that it met its statutory duty to repair or remedy the condition. Because appellants have not addressed on appeal every ground of Midtown's motion for summary judgment on this cause of action, they have not shown the trial court erred by granting Midtown's motion for summary judgment on appellants' cause of action under section 92.056(b). *See Rosetta Res.*, 645 S.W.3d at 228; *Clark*, 460 S.W.3d at 727.

We conclude the trial court did not err by granting Midtown's motion for summary judgment on appellants' cause of action under section 92.056 of the Property Code.

**Breach of Contract**

Appellants contend the trial court erred by granting Midtown's motion for summary judgment on their cause of action for breach of contract. Appellants alleged in their petition that Tori and M.W. had standing to enforce the lease because Defendant's employees had told them they had been approved for the lease and would be added to it. They also alleged they fully performed under the lease and that Midtown breached the contract because it "failed to perform basic maintenance functions and upkeep of the conditions of their residents' home." They alleged they incurred "actual damages" and "nominal damages," including having to hire a company to conduct a professional air quality inspection.

–13–

Midtown moved for summary judgment on the grounds that there was no privity of contract with Tori and M.W.; Gloria failed to perform her contractual obligation of notifying Midtown in writing about the alleged mold condition; appellants had no evidence Midtown did not perform the appropriate maintenance; and that Midtown conclusively established it fulfilled any maintenance or repair obligations it had under the lease.

On appeal, appellants present only this argument concerning their breach of contract cause of action: "Breach of Contract: Midtown chiefly argues that there could be no breach of contract if Tori and M.W. were no[t] in privity because they were not on the lease. This argument has been disposed of in the standing portion of this argument." As discussed above, Tori and M.W. were not tenants under the lease. They were not parties to the lease agreement, and they were not in privity of contract with Midtown.

Appellants' brief on appeal does not address Midtown's summary judgment grounds that Gloria did not notify Midtown in writing of the mold problem, that appellants had no evidence that Midtown did not provide the maintenance required under the lease, or that Midtown conclusively proved it provided the maintenance required under the lease. Because appellants do not address these summary judgment grounds, they have not shown the trial court erred by granting Midtown's motion for summary judgment on appellants' breach of contract cause of action. *See Rosetta Res.*, 645 S.W.3d at 228; *Clark*, 460 S.W.3d at 727.

–14–

We conclude the trial court did not err by granting Midtown's motion for summary judgment on appellants' breach of contract cause of action.

**Retaliation**

Finally, appellants contend the trial court erred by granting Midtown's motion for summary judgment on appellants' retaliation cause of action. Section 92.331 of the Property Code provides that a landlord cannot take certain retaliatory measures within six months of a tenant's taking certain actions, including "giv[ing] a landlord a notice to repair or exercise a remedy under this chapter." PROP. § 92.331. The prohibited retaliatory actions include: "(3) decreasing services to the tenant" and "(5) engaging, in bad faith, in a course of conduct that materially interferes with the tenant's rights under the tenant's lease." *Id.* § 92.331(b)(3), (5). Appellants alleged in their petition that within six months after they gave Midtown notice of the air-quality condition, Midtown retaliated by opening packages mailed to appellants and by withholding appellants' mail, "depriving them of the use and enjoyment of their property." Appellants alleged this action was in bad faith and materially interfered with appellants' rights under the lease.

Midtown moved for summary judgment on the grounds that Tori and M.W. were not tenants and therefore lacked authority under the statute to bring the cause of action, and that appellants had no evidence Midtown retaliated against appellants by opening appellants' packages or withholding appellants' mail.

Appellants' response to the motion for summary judgment included Tori's affidavit, which described how Midtown's staff told Tori a package for her had not been delivered when UPS tracking showed the package had been delivered. When Midtown's employees provided the package to Tori more than a week later, the package had been opened. Appellants' summary judgment evidence makes no mention of Midtown otherwise withholding appellants' mail.

After appellants' filed their response to Midtown's motion for summary judgment, Midtown filed a supplemental motion for summary judgment. The supplemental motion asserted that Tori's testimony that the package was opened when she received it is no evidence Midtown's employees opened the package. Midtown also stated in the supplemental motion that Tori's single complaint of an open package "hardly demonstrates retaliation on the part of [Midtown] attributable to [appellants'] complaining about mold in the apartment."

On appeal, appellants present this single argument: "Midtown notes that Tori identified only one package that was tampered with: therefore, this retaliation was insufficiently harmful to constitute actionable retaliation. Appellants raised a genuine issue of material fact on the issue of retaliation—its pervasiveness was a question for the factfinder." This argument addresses only the ground presented in Midtown's supplemental motion for summary judgment that a single complaint of an open package did not demonstrate retaliation. Appellants' arguments on appeal do not address whether Tori could bring a retaliation cause of action if she was not

a tenant, nor whether the fact she received the package in an opened condition was evidence that Midtown's employees had opened it. Therefore, appellants have not shown the trial court erred by granting Midtown's motion for summary judgment on appellants' retaliation cause of action. *See Rosetta Res.*, 645 S.W.3d at 228; *Clark*, 460 S.W.3d at 727.

We conclude the trial court did not err by granting Midtown's motion for summary judgment on appellants' retaliation cause of action.

## CONCLUSION

Appellants have not shown the trial court erred by granting Midtown's motion for summary judgment. We overrule appellants' issue on appeal.

We affirm the trial court's judgment.

/Lana Myers//

210615f.p05

LANA MYERS
JUSTICE

–17–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

GLORIA WOODS AND TORI
WOODS, INDIVIDUALLY AND
AS NEXT FRIEND OF M.W., A
CHILD, Appellants

No. 05-21-00615-CV      V.

BW MIDTOWN CEDAR HILL,
L.L.C., Appellee

On Appeal from the 134th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-20-11275.
Opinion delivered by Justice Myers.
Justices Pedersen, III and Garcia
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee BW MIDTOWN CEDAR HILL, L.L.C. recover its costs of this appeal from appellants GLORIA WOODS AND TORI WOODS, INDIVIDUALLY AND AS NEXT FRIEND OF M.W., A CHILD.

Judgment entered this 19th day of September, 2022.