# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-23-00129-CV

**Appellant, Jose Margarito Palacios// Cross-Appellants, Rosa Barr, Ismael Samuel Palacios, Vicente Zenon Palacios, and Maria Andrea Morales**

**v.**

**Appellees, Bonifacio Palacios, as Temporary Dependent Administrator of the Estate of Esequiel Palacios Esparza, Rosa Barr, Ismael Samuel Palacios, Vicente Zenon Palacios, and Maria Andrea Morales// Cross-Appellee, Jose Margarito Palacios**

### FROM THE 277TH DISTRICT COURT OF WILLIAMSON COUNTY
### NO. 15-0415-C277, THE HONORABLE BETSY F. LAMBETH, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Jose Margarito Palacios and Cross-Appellants Rosa Barr, Ismael Samuel Palacios, Vicente Zenon Palacios, and Maria Andrea Morales—siblings of Jose Margarito Palacios and intervenors in the underlying proceeding (Intervenors)— appeal from the trial court's final judgment following a jury verdict. The jury found that Jose Margarito Palacios "was unjustly enriched as a result of diverting to himself assets that would otherwise have passed to [Intervenors]" following the death of their father, Esequiel Palacios Esparza. The final judgment awarded each Intervenor $100,000, for a total award of $400,000, against Jose Margarito Palacios and ordered that he take nothing on his counterclaim for declaratory judgment.

Among his asserted grounds for reversing the trial court's judgment, Jose Margarito Palacios contends that Intervenors' claim for unjust enrichment was barred by limitations as a matter of law, and he challenges the trial court's take-nothing judgment on his counterclaim and the jury's finding of $0.00 as to his attorney's fees. On cross-appeal, Intervenors argue that this Court does not have jurisdiction because the final judgment is not actually a final judgment and complain about a Rule 11 settlement agreement between Bonifacio Palacios, as Temporary Dependent Administrator of their father's Estate (the Estate), and Jose Margarito Palacios concerning funds that Compass Bank (the Bank) interpleaded into the registry of the Williamson County Court of Law Number 4 (the Probate Court) in the proceeding concerning the Estate.[1]

For the following reasons, we affirm the trial court's final judgment to the extent that it ordered that Jose Margarito Palacios recover nothing on his counterclaim and did not award him attorney's fees, but because we conclude that Intervenors' claim of unjust enrichment is barred by limitations as a matter of law, we reverse the final judgment as to this claim and render judgment that Intervenors take nothing on this claim.

---

[1] Pending before this Court is Jose Margarito Palacios's motion to dismiss Intervenors' cross-appeal on the ground that their notice of appeal was not timely filed and to dismiss the cross-appeal for want of prosecution because their brief was not timely filed. He also asks for damages for a frivolous appeal under Texas Rule of Appellate Procedure 45. We deny this motion. Because Intervenors' notice of appeal was filed within the 15-day extension period, we imply a motion for extension of time to file their notice of appeal and grant the motion. *See* Tex. R. App. P. 26.3 (providing fifteen-day extension period for appellate court to authorize extension of time to file notice of appeal); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (explaining that motion for extension of time is implied when notice of appeal is filed within 15-day extension period).

2

## BACKGROUND[2]

Esequiel Palacios Esparza (Decedent) died on October 26, 2013, at the age of 92. He and his wife, who died in 2001, had 17 children, and the parties were among the 14 children who were living when their father died.

Although Decedent had lived in Texas for part of his life, he lived in Mexico after his wife died. His son Jose Margarito Palacios also lived in Mexico and assisted Decedent, who did not read or speak English, with banking matters. In 2008 or 2009, Decedent set up separate certificate-of-deposit accounts at the Bank in the amount of $200,000 that had payable-on-death (P.O.D.) designations for each Intervenor.[3] Decedent was the sole account holder of the P.O.D. accounts, and he gave copies of the original paperwork for the accounts to Intervenors. In 2009, Decedent and Jose Margarito Palacios also had a joint account at the Bank with the right of survivorship.

---

[2] This factual recitation is taken from the evidence admitted at trial, but we also refer to pleadings that were filed in a suit brought by Intervenors against the Bank, which was removed to federal court, and the proceeding in the Probate Court concerning the Estate. To the extent that the referenced pleadings in the other matters are not in the appellate record in this appeal, we take judicial notice of the record in *In re Barr*, No. 03-23-00194-CV, 2023 Tex. App. LEXIS 3234 (Tex. App.—Austin May 12, 2023, orig. proceeding) (mem. op.). *See Humphries v. Humphries*, 349 S.W.3d 817, 820, n.1 (Tex. App.—Tyler 2011, pet. denied) (taking judicial notice of appellate court's own records in appeal from same proceeding involving same parties); *Tschirhart v. Tschirhart*, 876 S.W.2d 507, 508 (Tex. App.—Austin 1994, no writ) ("[A] court may take judicial notice of its own records."); *see also* Tex. R. Evid. 201 (addressing judicial notice). In that original proceeding, we denied Intervenors' petition for writ of mandamus from the Probate Court's order disbursing funds that were interpleaded by the Bank into the registry of the Probate Court, and the sworn record included pleadings from: (i) the Intervenors' suit against the Bank that was removed to federal court, including Intervenors' original petition against the Bank and the Bank's notice of removal to federal court, and (ii) the probate proceeding, including the Bank's plea in intervention in that proceeding, its petition for interpleader, the Probate Court's order granting the interpleader, and its order approving the disbursement of the funds.

[3] The record reflects that Decedent set up these accounts with Laredo Bank, which later became Compass Bank.

3

In the early part of 2014, Intervenors contacted the Bank about receiving the funds from the P.O.D. accounts because Decedent had died, but Intervenors each received approximately $100,000, not the $200,000 that they expected. In October 2014, Intervenors sued the Bank over the missing monies that they believed that they were supposed to inherit from Decedent.[4] The Bank removed the action to federal court and joined Jose Margarito Palacios as a third-party defendant. On January 21, 2016, Intervenors also filed a petition in intervention in the underlying proceeding that is the subject of this appeal. In the underlying proceeding, Bonifacio Palacios, in his capacity as the Estate's Temporary Dependent Administrator, had sued Jose Margarito Palacios to pursue claims on the Estate's behalf.

In May 2016, the parties stipulated to the voluntary dismissal of the federal action without prejudice. The Bank had interpleaded over $500,000 from accounts that it had frozen belonging to the Estate or Jose Margarito Palacios into the registry of the Probate Court. Intervenors attempted to intervene in the Probate Court proceeding concerning the Estate, but they were dismissed from that suit. Bonifacio Palacios was the sole beneficiary of the Estate pursuant to Decedent's will. In August 2022, the Probate Court signed an order approving a 2019 agreement between Bonifacio Palacios and Jose Margarito Palacios settling the claims between them and disbursing the interpleaded funds.[5]

---

[4] In their original petition against the Bank, Intervenors asserted claims of negligence and breach of the deposit agreement and alleged that they discovered that the Bank "had given their brother, Jose Margarito Palacios, a citizen of Mexico, access to the accounts they were to inherit" and that the Bank "completed wire transfers at the behest of Jose Margarito Palacios of half the money available in Plaintiffs' accounts to Jose Margarito Palacios'[s] own Compass account" even though he was not an account holder of their father's accounts that were designated for them.

[5] The agreement provided that Bonifacio Palacios would be paid on behalf of the Estate $300,000 out of the funds interpleaded in the court registry and that Jose Margarito Palacios and

Around the same time in August 2022, the jury trial in the underlying proceeding occurred. In their live petition at the time of the trial, Intervenors asserted a claim of unjust enrichment against Jose Margarito Palacios, invoked the discovery rule, and sought for each of them to be awarded $100,000 against him.[6] They alleged that he had "a confidential relationship with Decedent"; that in breach of his duty under that relationship or with actual fraud, he "obtained access to Decedent's bank accounts and diverted to himself monies totaling $400,000.00 that the Decedent had intended and arranged to be left to Intervenors"; and that "[b]y doing so, [he] deprived them of monies they would have otherwise inherited from Decedent after his passing." In his answer and counterclaim, Jose Margarito Palacios asserted the affirmative defenses of limitations and quasi-estoppel, sought a declaratory judgment that Intervenors as P.O.D. beneficiaries "had no interest in the accounts during the account owner's lifetime," and sought attorney's fees. *See* Tex. Civ. Prac. & Rem. Code § 37.009 (authorizing court to award costs and reasonable and necessary attorney's fees as are equitable and just in proceeding under chapter).

Intervenors testified as witnesses at trial. Their testimony was consistent that Decedent was not mentally impaired but that he did not speak or read English and relied on Jose Margarito Palacios to assist him. They further testified consistently that Decedent was an honest man and that they believed him when he told them they would each receive $200,000 when he died. They also testified about when and how they each received approximately

his attorneys would receive $245,677.44, which was the remaining balance of the interplead funds.

[6] In their original petition in intervention, Intervenors asserted a claim for tortious interference with prospective inheritance rights. The Texas Supreme Court has since held that there is no cause of action in Texas for intentional interference with inheritance. *Archer v. Anderson*, 556 S.W.3d 228, 229 (Tex. 2018).

$100,000 from the Bank after their father died and when and how they received information from the Bank that pointed to Jose Margarito Palacios receiving money from their P.O.D. accounts. For example, Barr testified about trying to obtain information from the Bank in February 2014 after receiving less than the $200,000 that she expected from her P.O.D. account and then testified that she did not receive information from the Bank until after Intervenors sued the Bank:

Q. What did you do after receiving your money and not being able to get any information as to why it wasn't all that you were expecting?

A. Well, I could not get any information from the bank so I was asking the bank what happened because we don't know where the money went so we sued the bank.

Q. Did you believe that—so during the course of the lawsuit against the bank, can you tell us what happened next?

A. Well, once the bank got sued, they started giving us information.

Q. OK. And what did that information tell you?

A. The information point[ed] to Jose.

The exhibits included documents pertaining to the P.O.D. accounts and other accounts that Decedent held at the Bank during his life and at the time of his death. It was undisputed that Decedent was the only account holder on the P.O.D. accounts, but Intervenors testified that his signature on documents relating to those accounts was "uncharacteristic." It also was undisputed that as of 2009, Decedent and Jose Margarito Palacios were joint account holders with the right to survivorship on another account (the Joint Account). In August 2012, the Joint Account received transfers of approximately $400,000 from the P.O.D. accounts; that approximate amount was then wired out of the Joint Account to Jose Margarito Palacios; and

6

Decedent opened a new P.O.D. account in the amount of $200,000 for two of the Intervenors and added one of the other Intervenors as a beneficiary to the P.O.D. account in the amount of $200,000 of another Intervenor. The effect of these transactions was that there were two P.O.D. accounts in the amount of $200,000 for the Intervenors such that they each received approximately $100,000 from the accounts after Decedent died, instead of the $200,000 that they were expecting.

Jose Margarito Palacios's only witness at trial was his attorney, who testified about his incurred attorney's fees. Jose Margarito Palacios filed a motion for directed verdict, which included among its grounds that limitations barred Intervenors' claim of unjust enrichment. He argued that the discovery rule did not apply, that the burden was on Intervenors to establish any tolling of limitations, and that they had failed to do so. The trial court denied this motion.

The trial court also overruled Jose Margarito Palacios's objections to the trial court's charge to the jury. His objections to the charge included that it failed to address limitations. The charge instructed the jury that "unjust enrichment" was "the unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience" and asked the jury: "Was Jose Margarito Palacios unjustly enriched as a result of diverting to himself assets that would have otherwise passed to [Intervenor]?" The jury answered "yes" as to each Intervenor and found $100,000 in damages for each Intervenor. The jury also answered "$0.00" when asked, "What is the reasonable fee for the necessary services of Defendant's attorney, stated in dollars and cents?"

Jose Margarito Palacios filed a motion for judgment notwithstanding the verdict, again arguing among his asserted grounds that limitations barred Intervenors' claim of unjust enrichment as a matter of law. He argued that Intervenors had waived reliance on any limitations-avoidance defenses, such as the discovery rule, because they had failed to prove or seek to submit to the jury any such defenses. The trial court did not expressly rule on this motion.

In February 2023, the trial court signed the final judgment. The final judgment states that "the jury returned a verdict finding that Defendant Jose Margarito Palacios unjustly enriched himself with $400,000.00 that would have gone to Intervenors from [Decedent] via donative transfer"; awarded each Intervenor $100,000, for a total award of $400,000, against Jose Margarito Palacios; and ordered that he take nothing on his counterclaim for declaratory judgment. Jose Margarito Palacios filed a motion for new trial, again arguing that Intervenors' claim was barred by limitations as a matter of law, and Intervenors filed a motion to vacate the judgment on the settlement agreement between Bonifacio Palacios and Jose Margarito Palacios. By letter, the trial court informed Intervenors that it no longer had jurisdiction to consider their motion, and Jose Margarito Palacios's motion for new trial was overruled by operation of law. These appeals followed.

## ANALYSIS

### Intervenors' Cross-Appeal

We begin with Intervenors' cross-appeal because they challenge this Court's jurisdiction over this appeal. Intervenors contend that this Court does not have jurisdiction over this appeal because the judgment is not actually a final judgment. They contend that the

8

judgment is not actually final because their claim to the funds that the Bank interpleaded into the registry of the Probate Court remains open.

There is a "presumption that a judgment rendered after a conventional trial on the merits is final and appealable." *See Patel v. Nations Renovations, LLC*, 661 S.W.3d 151, 154 (Tex. 2023) (per curiam) (quoting *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 199 (Tex. 2001)); *see also Lehmann*, 39 S.W.3d at 195 (explaining general rule that appeal may only be taken from final judgment that disposes of all pending parties and claims in record). Further, "[i]f the judgment clearly and unequivocally states that it finally disposes of all claims and parties, the assessment is resolved in favor of finding finality, and the reviewing court cannot review the record." *Patel*, 661 S.W.3d at 154 (citing *In re Elizondo*, 544 S.W.3d 824, 827 (Tex. 2018) (orig. proceeding) (per curiam)).

Here, the judgment followed a jury trial and is "clearly and unequivocally final on its face." *See id.* After granting relief to Intervenors and ordering that Jose Margarito Palacios take nothing on his counterclaim, the judgment states:

> All other relief not awarded herein is denied. This judgment is final and appealable. All writs and processes necessary to enforce this judgment shall issue.

*See id.* (concluding that combination of statements together formed "clear indication of finality"). Thus, we conclude that we have jurisdiction over this appeal.

But, to the extent that Intervenors' cross-appeal concerns the funds that the Bank interpleaded into the registry of the Probate Court, we do not have jurisdiction to consider their complaints in this appeal. We have taken judicial notice of our file on the related mandamus proceeding in which Intervenors challenged the Probate Court's approval of the settlement

9

agreement and disbursement of funds in its proceeding concerning the Estate, however that proceeding is not before us in this appeal. *See In re Barr*, No. 03-23-00194-CV, 2023 Tex. App. LEXIS 3234 (Tex. App.—Austin May 12, 2023, orig. proceeding) (mem. op.). Intervenors were dismissed from that proceeding; they did not appeal the Probate Court's order dismissing them from that proceeding; and in any case, this appeal is not from that proceeding. In this context, because the Probate Court has approved the settlement agreement and disbursed the funds, any opinion that we would give on this issue would be merely advisory. *See Patterson v. Planned Parenthood of Hous. & Se. Tex., Inc.*, 971 S.W.2d 439, 443 (Tex. 1998) ("The courts of this state are not empowered to give advisory opinions."). It follows that we do not have jurisdiction to consider this issue in the context of this appeal.

For these reasons, we overrule Intervenors' issues on cross-appeal and turn to Jose Margarito Palacios's issues.

**Jose Margarito Palacios's Appeal**

Jose Margarito Palacios raises eight issues challenging the trial court's final judgment and asking this Court to render judgment in his favor as to Intervenors' unjust enrichment claim and his counterclaim for declaratory judgment. We begin with his challenges to the Intervenors' claim of unjust enrichment.

*Claim of Unjust Enrichment*

In his first issue, Jose Margarito Palacios argues that the trial court's denials of his motion for directed verdict, his objection to the charge, his motion for judgment not withstanding the verdict, and his motion for new trial should be reversed and judgment rendered in his favor on Intervernors' unjust enrichment claim because their claim was barred as a matter of law by

10

the applicable two-year statute of limitations.  *See Elledge v. Friberg–Cooper Water Supply Corp.*, 240 S.W.3d 869, 871 (Tex. 2007) (per curiam) (declaring that claims of unjust enrichment are governed by the two-year statute of limitations in Section 16.002 of Texas Civil Practice and Remedies Code); *see also* Tex. Civ. Prac. & Rem. Code § 16.003(a).

We review a trial court's denial of a motion for directed verdict and a motion for judgment notwithstanding the verdict under a legal sufficiency standard of review.  *City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005).  Under this standard, we consider the evidence in the light most favorable to the non-movant, disregarding all contrary evidence and inferences.  *See King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003).  A trial court should grant a directed verdict for the defendant if the plaintiff's evidence does not raise a material fact issue essential to the plaintiff's right or recovery or "if the plaintiff admits or the evidence conclusively establishes a defense to the plaintiff's cause of action."  *Prudential Ins. Co. of Am. v. Financial Rev. Servs., Inc.*, 29 S.W.3d 74, 77 (Tex. 2000).  Similarly, a trial court may grant a judgment notwithstanding the verdict if a directed verdict would have been proper.  *See* Tex. R. Civ. P. 301 (stating that court may render judgment non obstante veredicto if directed verdict would have been proper); *Tiller v. McLure*, 121 S.W.3d 709, 713 (Tex. 2003) (per curiam) (stating that trial court may grant judgment notwithstanding the verdict when there is no evidence to support one or more of the jury's findings on issues necessary to liability (citing *Brown v. Bank of Galveston, Nat'l Assn*, 963 S.W.2d 511, 513 (Tex. 1998))).  And a jury finding should be disregarded if a legal principle prevents a party from prevailing on a claim or defense.  *See Houston Lighting & Power Co. v. City of Wharton*, 101 S.W.3d 633, 638 (Tex. App.—Houston [1st Dist.] 2003, pet. denied) (explaining that court may disregard jury finding if "legal principle prevents a party from prevailing on its claim or defense").

11

"As a general rule, a cause of action accrues and the statute of limitations begins to run when facts come into existence that authorize a party to seek a judicial remedy." *Provident Life & Accident Ins. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003); *see Agar Corp., Inc. v. Electro Cirs. Int'l, LLC*, 580 S.W.3d 136, 144 (Tex. 2019) (explaining that statute of limitations begins to run when claim accrues and that "cause of action accrues when facts come into existence that permit a plaintiff to recover" (citing *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 593 (Tex. 2017))). "In most cases, a cause of action accrues when a wrongful act causes a legal injury, regardless of when the plaintiff learns of that injury or if all resulting damages have yet to occur." *Knott*, 128 S.W.3d at 221 (citing *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996)); *see Regency Field Servs., LLC v. Swift Energy Operating, LLC*, 622 S.W.3d 807, 814 (Tex. 2021) (explaining that once defendant's wrongful conduct causes legal injury, "injured party's claims based on that wrongful conduct accrue" and limitations begins to run even if claimant does not know that legal injury has occurred, specific cause of injury, or party responsible for injury). The date when a cause of action accrues generally is determined as a matter of law. *See Hooks v. Samson Lone Star, Ltd. P'ship*, 457 S.W.3d 52, 57–58 (Tex. 2015) (citing *Etan Indus., Inc. v. Lehmann*, 359 S.W.3d 620, 623 (Tex. 2011) (per curiam)); *Knott*, 128 S.W.3d at 221.

An exception to this rule is the "discovery rule," which is a common law exception to the statute of limitations and "defers accrual of a cause of action until the plaintiff knew or, exercising reasonable diligence, should have known of the facts giving rise to the cause of action." *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996). It "applies on a categorical basis to injuries that are both inherently undiscoverable and objectively verifiable." *Valdez v. Hollenbeck*, 465 S.W.3d 217, 229 (Tex. 2015) (citing *Shell Oil Co.*

12

*v. Ross*, 356 S.W.3d 924, 930 (Tex. 2011)); *see HECI Expl. Co. v. Neel*, 982 S.W.2d 881, 886 (Tex. 1998) (discussing discovery rule). A party seeking to apply the discovery rule to avoid a limitations bar must plead it and, in a trial on the merits, prove and obtain a finding that it applies or the discovery rule is waived. *See Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 518 (Tex. 1988) (stating that party asserting discovery rule bears burden of proving and securing favorable findings at trial); *Smith v. McKinney*, 792 S.W.2d 740, 742 (Tex. App.—Houston [14th Dist.] 1990, writ denied) (holding that discovery rule is "plea in confession and avoidance" and that plaintiff waived discovery rule because there was no "pleading, proof or finding").

Here the evidence established as a matter of law that Intervenors' claim of unjust enrichment accrued on October 26, 2013, the date of Decedent's death because that is the date that they became the owners of the P.O.D. accounts at the Bank and could have sought a judicial remedy concerning those accounts. *See* Tex. Est. Code § 113.103(a) ("During the lifetime of an original payee of a P.O.D. account, the account belongs to the original payee and does not belong to the P.O.D. payee or payees"); *Clark v. Dillard's Inc.*, 460 S.W.3d 714, 720–21 (Tex. App.—Dallas 2015, no pet.) (defining unjust enrichment as occurring "when the defendant has wrongfully secured or passively received a benefit from another that would be unconscionable to retain, and the defendant obtained the benefit from the plaintiff by fraud, duress, or the taking of an undue advantage" and stating that evidence conclusively established when claim for unjust enrichment accrued—"facts came into existence that authorized Clark to seek a judicial remedy when Dillard's first used Clark's image for packaging without having paid Clark for the right to use his image on product packaging"). But Intervenors did not file their claim of unjust enrichment against Jose Margarito Palacios until more than two years later—when they

intervened in Bonifacio Palacios's pending suit in January 2016. Thus, their claim was barred as a matter of law by limitations unless an avoidance defense to limitations applied.

Intervenors raised the discovery rule in their pleadings and argued to the trial court that the discovery rule applied, but they did not seek to obtain a jury finding on it.[7] Thus, even if the discovery rule applies to the type of unjust enrichment claim that Intervenors alleged, they waived its applicability by not obtaining jury findings on it, and in any case, they did not present evidence that would have supported applying the discovery rule here. *See Woods*, 769 S.W.2d at 518; *see also Barker v. Eckman*, 213 S.W.3d 306, 312 (Tex. 2006) (explaining that party seeking to benefit from discovery rule "has the burden of obtaining findings to support its application" and that trial court could not determine that discovery rule applied as matter of law "under the state of the pleadings and the record" because exactly what plaintiff should have known of facts giving rise to claim was disputed). Rather, their own pleadings and the evidence established that Intervenors' injury was not inherently undiscoverable but discoverable during the limitations period. *See Hollenbeck*, 465 S.W.3d at 229 (applying discovery rule on categorical basis to injuries that are both inherently undiscoverable and objectively verifiable).

Intervenors' pleadings and evidence established that they knew about the P.O.D. accounts at the Bank before Decedent died and that, within months of his death, they knew that they were not receiving the anticipated amount of $200,000 and that the information provided by

---

[7] In their live pleadings, Intervenors

invoke[d] the discovery rule, as they were not alerted to what Defendant had done until they actually went to the bank following Decedent's death and realized that all the monies that Decedent intended for them to inherit were not available to them. Moreover, given their inability to obtain any information from the bank about Decedent's accounts in general, they did not discover until months later that Defendant was to blame for their missing monies.

the Bank pointed to Jose Margarito Palacios as being the person to blame, but they waited to file suit against Jose Margarito Palacios until after the limitations period had expired. *See id.* Although they filed suit against the Bank within months of Decedent's death and the Bank asserted third-party claims against Jose Margarito Palacios in that case, Intervenors agreed to the dismissal of that suit. They also did not plead or argue that limitations was tolled as to their unjust enrichment claim by their previous suit against the Bank or that their claim against Jose Margarito Palacios should relate back to when their suit against the Bank was filed for limitations purposes. *See University of Tex. Health Sci. Ctr. at San Antonio v. Bailey*, 332 S.W.3d 395, 400–01 (Tex. 2011) (discussing relation-back doctrine and observing that ordinarily adding new party in amended pleading does not relate back to original proceeding).

On this record, we conclude that Intervenors' claim for unjust enrichment was barred by limitations as a matter of law. Thus, we sustain Jose Margarito Palacios's first issue to the extent that he challenges the trial court's final judgment as to Intervenors' claim of unjust enrichment and do not address his remaining issues challenging the final judgment as to this claim.[8]

---

[8] In his second through sixth issues, Jose Margarito Palacios: (i) challenged the submission of unjust enrichment to the jury because "valid express bank contracts governed the dispute"; (ii) argued that unjust enrichment is not a cause of action; (iii) argued that there was no evidence or insufficient evidence to support the jury's verdict on unjust enrichment; (iv) argued that the charge was based on improper legal definitions and was harmful such that an improper judgment was rendered; and (v) challenged the trial court's refusal to submit to the jury or rule on his defense of quasi-estoppel. Because we have determined that the trial court erred by not rendering judgment as to Intervenors' unjust enrichment claim based on limitations as a matter of law, we do not address his additional issues challenging the trial court's final judgment as to Intervenors' claim. *See* Tex. R. App. P. 47.1, .4.

*Counterclaim for Declaratory Judgment*

In his seventh and eighth issues, Jose Margarito Palacios challenges the jury's finding of $0.00 as to his attorney's fees and the portion of the trial court's final judgment ordering that he take nothing on his counterclaim for declaratory judgment. In his pleadings, Jose Margarito Palacios sought a declaration from the trial court that:

> Intervenors as POD beneficiaries on the accounts, pursuant to the contracts and black letter law, had no interest in the accounts during the account owner's lifetime, and as such have no arguable right to the account funds that existed during the owner's lifetime, other than those that existed on the date of Esequiel Palacios Esparza's death.

On appeal, he argues that he established as a matter of law that Intervenors had no lifetime interest in the Decedent's accounts and, thus, that any conduct by him or Decedent during Decedent's lifetime could not have unjustly enriched him at Intervenors' expense and that the jury was bound by his attorney's uncontroverted expert testimony regarding his incurred attorney's fees.

The Uniform Declaratory Judgments Act (UDJA) allows a person interested under a written contract or other writing to have determined any question of construction or validity arising under the writing and to "obtain a declaration of rights, status, or other legal relations thereunder." Tex. Civ. Prac. & Rem. Code § 37.004(a). But the UDJA is "merely a procedural device for deciding cases already within a court's jurisdiction rather than a legislative enlargement of a court's power, permitting the rendition of advisory opinions." *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993). And a "declaratory judgment is appropriate only if a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration sought." *Bonham State Bank v. Beadle*,

16

907 S.W.2d 465, 467 (Tex. 1995) (citing *Texas Ass'n of Bus.*, 852 S.W.2d at 446); *see also* Tex Civ. Prac. & Rem. Code § 37.008 ("The court may refuse to render or enter a declaratory judgment or decree if the judgment or decree would not terminate the uncertainty or controversy giving rise to the proceeding.").

Here, there was no controversy between the parties over Intervenors' interest in the P.O.D. accounts prior to Decedent's death. Intervenors agreed that they did not have an interest in the accounts prior to Decedent's death. "During the lifetime of an original payee of a P.O.D. account, the account belongs to the original payee and does not belong to the P.O.D. payee or payees." Tex. Est. Code § 113.103(a). It follows that the declaration requested by Jose Margarito Palacios would not have resolved the controversy between the parties. *See Beadle*, 907 S.W.2d at 467. Thus, we conclude that the trial court did not err in ordering that Jose Margarito Palacios take nothing on his counterclaim for declaratory judgment.

Further, litigants may recover attorney's fees only if specifically provided by statute or contract. *MBM Fin. Corp. v. Woodlands Operating Co.*, 292 S.W.3d 660, 669 (Tex. 2009). Jose Margarito Palacios has not cited, and we have not found, statutory authority that would support awarding attorney's fees to him in defending against Intervenors' claim of unjust enrichment. *See, e.g.*, *Bonnema v. Builders Carpet & Design Ctr., Inc.*, No. 05-08-01149-CV, 2010 Tex. App. LEXIS 1829, *11–13 (Tex. App.—Dallas Mar. 16, 2010, no pet.) (mem. op.) (denying claim for attorney's fees based on unjust enrichment claim); *Mason v. Mason*, No. 07-12-00007-CV, 2014 Tex. App. LEXIS 413, at *1–2 (Tex. App.—Amarillo Jan. 13, 2014, no pet.) (mem. op.) (observing that appellees agreed that "attorney's fees are not recoverable in a claim for unjust enrichment"); *Mobil Producing Tex. & N.M., Inc. v. Cantor*, 93 S.W.3d 916, 920 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.) ("Section 38.001 [of the Texas Civil

Practice and Remedies Code] does not provide for recovery of fees and costs on an unjust enrichment claim."). And "a party cannot use [the UDJA] as a vehicle to obtain otherwise impermissible attorney's fees." *See MBM Fin. Corp.*, 292 S.W.3d at 669. Thus, the jury's finding of $0.00 for his attorney's fees is of no consequence. We overrule Jose Margarito Palacios's seventh and eighth issues.

## CONCLUSION

For these reasons, we affirm the trial court's final judgment to the extent it ordered that Jose Margarito Palacios take nothing on his counterclaim for declaratory judgment, reverse the judgment as to Intervenors' claim for unjust enrichment, and render judgment that Intervenors take nothing on this claim.

_____

Rosa Lopez Theofanis, Justice

Before Chief Justice Byrne, Justices Kelly and Theofanis

Affirmed in Part; Reversed and Rendered in Part

Filed: April 17, 2024

18